**Gregory Chavez SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00029–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 3, 2002.

Decided Sept. 4, 2002.

Discretionary Review Dismissed March 12, 2003.

---

Larry Mitchell, Dallas, for appellant.

Katherine A. Drew, Assistant District Attorney, William (Bill) Hill Jr., Dallas County District Attorney, Dallas, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Gregory Chavez Salazar pled guilty to aggravated sexual assault and, in three companion cases, to indecency with a child. His punishment was assessed by the trial court for this offense at twenty-five years' confinement. Salazar had been charged with four separate counts of sexual offenses committed against his children. Punishment on the four charges was tried in one proceeding. The court sentenced Salazar to twenty-five years' confinement for the aggravated sexual assault (this appeal) and to twenty years' confinement on each of the three charges of indecency with a child, and ordered that the punishments run concurrently.

Salazar contends on appeal that the trial court committed reversible error. He contends that, when it became apparent he could not hear the witnesses because of his hearing impairment, the court was required to provide him an interpreter or some other means of communication that would permit him to participate in the proceedings.

Salazar testified he could not hear what his daughters (the victims) had been saying during their testimony, but he believed they had told the truth. Salazar testified he was born without one eardrum and was partially deaf in the other ear. Salazar then testified briefly that he had "touched" his daughters and that he had placed his finger inside the vagina of one of the girls.

TEX.CODE CRIM. PROC. ANN. art. 38.31(a) (Vernon Supp.2002) requires a trial judge to provide an interpreter for a deaf person. The statute implements the constitutional right of confrontation, which includes the right to have trial proceedings presented in a way that the accused can understand.[1] *Baltierra v. State*, 586 S.W.2d 553, 558 (Tex.Crim.App.1979) (when trial court learns accused does not speak and understand English, interpreter must be furnished to translate trial pro-

---

1. The Texas Constitution requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense. Ensuring that the defendant has that minimum understanding is primarily the task of the trial judge. *Lincoln v. State*, 999 S.W.2d 806, 809 (Tex.App.-Austin 1999, no pet.); *see also* TEX. CONST. art. 1, § 10.

ceedings to accused; otherwise, accused's constitutional right of confrontation is denied); *see also* TEX. CONST. art. 1, § 10; TEX.CODE CRIM. PROC. ANN. art. 38.30 (Vernon Supp.2002). If a hearing-impaired defendant is unable to understand sign language, the court has an obligation to fashion a remedy suitable to overcome the defendant's disability. *Lincoln v. State,* 999 S.W.2d 806, 809 (Tex.App.-Austin 1999, no pet.); *Adams v. State,* 749 S.W.2d 635, 639 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd). A defendant's failure to object or request relief does not waive his confrontation right if it is otherwise apparent he cannot hear or understand the proceedings. *Adams,* 749 S.W.2d at 637–39.

Counsel failed to request an interpreter or to object to the lack of an interpreter. As set out above, counsel's failure does not waive the right, since it became apparent Salazar could not hear at least part of the proceeding. However, this case differs from *Adams,* because in that case the defendant was entirely deaf and could communicate only in writing. Salazar's situation is more like the one addressed by the Austin court in *Lincoln.* In that case, the defendant made it known during the testimony that he was having difficulty hearing, and the court allowed him to move or directed the speaker to repeat himself so the defendant could hear. In *Lincoln,* the defendant did not indicate at the time that these arrangements were unsatisfactory. The Austin court acknowledged that the contention was not waived by Lincoln's failure to complain that he could not hear, but recognized that the trial court could not attempt to correct anything of which it was not aware. The court then concluded that the action or inaction of the trial judge did not violate the constitutional rights of the defendant.

In this case, many times Salazar was addressed by the court or by counsel and responded appropriately, indicating that he heard and understood what was said. As in *Lincoln,* the trial court was in the best position to judge the credibility of the appellant's claim that he did not hear part of the proceedings. In this case, Salazar did not tell the court he could not hear the victims' testimony until after they had finished testifying. Until then the trial judge had every reason to believe Salazar was able to understand the proceedings and testimony, and no reason to the contrary. Therefore, the court could not be expected to take action to ensure that the testimony's content was effectively communicated to Salazar. Considering what the trial court was told and observed during the trial, we are not persuaded the court failed to take constitutionally adequate steps to ensure Salazar heard and understood the proceedings.

Further, this does involve a guilty plea. The brief testimony of the victims was not explicit in any respect and was, in substance, the same as the testimony provided by Salazar. In some respects, Salazar's testimony admitting his actions was more detailed than that provided by the victims. Even if we concluded the court erred by failing to take additional steps to ensure that Salazar was made fully aware of the testimony of the victims, we are convinced beyond a reasonable doubt that the error did not in this instance contribute to the punishment assessed against Salazar. TEX.R.APP. P. 44.2(a).

We affirm the judgment.