Affirmed and Memorandum Opinion filed April 24, 2008








Affirmed and Memorandum Opinion filed April 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00155-CR

_______________

 

YATES ADDISON POITINGER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 15

Harris County, Texas

Trial Court Cause No. 1396827 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








A jury
convicted appellant Yates Addison Poitinger of burglary of a motor vehicle, and
the trial court assessed punishment of a $500 fine and two years probation.  In
five issues, appellant argues: (1) the trial court denied him a hearing on his
motion for new trial by sua sponte scheduling the hearing outside the
75-day time limit when he was not represented by counsel; (2) the trial court
effectively denied him the right to counsel by refusing to allow his trial
counsel to use or otherwise communicate with a paralegal during trial; (3) the
trial court improperly denied his motion for continuance; (4) legally and
factually insufficient evidence supports his conviction; and (5) the trial
court improperly denied his motion to suppress statements he made to a law
enforcement officer.  We affirm.

I.  Factual and Procedural Background

On
August 18, 2006, appellant was charged by information with the misdemeanor
offense of burglary of a motor vehicle, alleged to have occurred on or about
July 16, 2006.  After pleading not guilty, appellant=s trial commenced on February 13,
2007.  Witnesses at trial described the following series of events.

During
the early morning hours of July 16, 2006, Amanda Davis, while out walking her
dog, saw two individuals walking up and down a line of parked vehicles in the
lot of the north Harris County apartment complex in which she lived.  According
to Amanda, the two individuals appeared to be Amessing with@ the vehicles, so she called to her
husband, William Davis, to come downstairs.  Both Amanda and William testified
that they saw appellant standing next to the driver=s side window of a black truck. 
Amanda stated that appellant reached into the vehicle through the open driver=s side window, toward the console.  William
yelled at appellant and the other individual, and they both began running
away.  William chased after them and caught up with them at the front of the
apartment complex.  When William asked them what they had been doing, appellant
repeatedly replied that he was Asorry.@  Appellant also told William he did not know why he had
broken into the truck.








Another
resident of the apartment complex, Garrett Cei, testified that his roommate had
several friends over at his apartment on the night of the burglary, including
appellant.  According to Cei, he went outside his apartment in the early
morning hours to get his cat.  While he was outside, he saw appellant and another
individual standing near a black truck.  Cei corroborated much of the Davises= testimony, reporting that he had
also chased after appellant and the other suspect with William.  He heard
appellant say to William, ADon=t call the cops@ and AI=m so sorry.@  Cei also stated that he looked into
the black truck sometime after appellant had been seen reaching in; it looked
as if someone had been Arummaging through it.@  He stated he was A100% sure@ that he saw appellant standing next
to the truck.

Deputy
Michael Moreno with the Harris County Constable=s Office testified that he was
dispatched to the apartment complex to investigate a reported burglary on July
16.  When he arrived, both appellant and the other suspect were no longer
there.  He conducted an investigation, interviewing several witnesses.  Based
on his conversations with witnesses, he was able to get a phone number for
appellant.  He called that phone number, initially leaving a message for
appellant. Appellant returned Moreno=s phone call on July 19, 2006. 
During this phone conversation, appellant informed Moreno that he had been out
with friends at the apartment complex and looked into some vehicles.  According
to Moreno, appellant stated that Ahe had made entry into a black truck
and was taking some items@ from the vehicle.  Moreno testified that appellant told him
he was yelled at by an eyewitness; he dropped the items and ran away.  

Appellant
also provided Moreno his name, date of birth, and driver=s license information.  Based on this
information, Moreno had a photospread prepared that included appellant=s photograph.  Moreno stated that he
took the photospread to William Davis, who identified appellant=s photograph.  Moreno testified that,
after contacting the Harris County District Attorney=s Office, charges were filed against
appellant.  Through his investigation, Moreno determined that the black truck,
a Ford F-150 identified by witnesses as the one appellant had reached into, was
registered to the complainant, Dawn Meyer, and another individual, James
Plain.  Meyer testified that she owned the truck, and that neither she nor the
other owner of the vehicle gave appellant permission to enter the truck.








After
both sides rested and closed, the jury convicted appellant of the misdemeanor
offense of burglary of a motor vehicle on February 13, 2007.  Appellant elected
to have the court assess his punishment; the trial court sentenced him to one
year confinement in the Harris County Jail, but suspended his sentence and
placed him on community supervision for two years.  The court also assessed a
fine of $500.00.  Appellant timely filed a motion for new trial on March 14,
2007, which was overruled by operation of law on May 7, 2007.   This appeal
timely followed.

II.  Issues Presented

Appellant
contends in his first issue that the trial court unfairly denied him a hearing
on his motion for new trial because the court sua sponte scheduled a
hearing on his motion outside the 75-day time limit while appellant was not
represented by counsel.  In his second issue, appellant asserts he was denied
his right to counsel, effective assistance of counsel, and a fair trial because
the trial court refused to permit his trial counsel to use or communicate with
a paralegal during his trial.  Appellant complains in his third issue that he
was denied his right to testify or assist in his trial because he became ill,
incoherent, and incapable of communicating after suffering an epileptic seizure
during his trial.  Appellant asserts the evidence is legally and factually
insufficient to support his conviction in his fourth issue.  Finally, in his
fifth issue, appellant contends the trial court improperly denied his motion to
suppress statements made during a phone conversation with a police officer.

III.  Analysis

A.        Motion for New Trial

Appellant
argues that he was Aunfairly denied a hearing on his motion for new trial when
the trial court sua sponte scheduled the hearing on the motion on a date
outside the 75 day time limit when appellant was not represented by counsel and
when the setting was made and on the date of hearing the trial court overruled
appellant=s motion by operation of law without considering the time afforded for
the motion to recuse.@[1] 








The
right to a hearing on a motion for new trial is not an Aabsolute right.@  Reyes v. State, 849 S.W.2d
812, 815 (Tex. Crim. App. 1993) (en banc).  A[O]nce a motion for new trial has
been overruled by operation of law, the trial court loses jurisdiction to rule
upon it.@  State v. Moore, 225 S.W.3d
556, 566B67 (Tex. Crim. App. 2007) (quoting State
v. Garza, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996) (en banc)).  Indeed, a
hearing conducted after a motion for new trial has been overruled by operation
of law is not authorized and cannot be considered on appeal.  Morrison v.
State, 132 S.W.3d 37, 48 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  And it is the defendant=s burden to ensure that a hearing on
a motion for new trial is set on a date within the trial court=s jurisdiction.  Keen v. State,
85 S.W.3d 405, 411 (Tex. App.CTyler 2002, pet. ref=d) (citing Baker v. State, 956
S.W.2d 19, 24 (Tex. Crim. App. 1997) (en banc)).  Further, a defendant must
develop some record that demonstrates his efforts to schedule a hearing before
the expiration of the trial court=s jurisdiction.  See Tello v.
State, 138 S.W.3d 487, 496 (Tex. App.CHouston [14th Dist.] 2004), aff=d on other grounds, 80 S.W.3d 150 (Tex. Crim. App.
2005). 








Here,
after being convicted on February 13, 2007, appellant timely filed his motion
for new trial on March 14, 2007.  Also on March 14, 2007, appellant filed a
motion to recuse the trial court judge.  On the same day, the trial court
referred the motion to recuse to the Presiding Judge of the Second
Administrative Judicial Region.  The presiding judge denied appellant=s motion to recuse on April 5, 2007. 
On April 9, 2007, the record reflects that the trial court set appellant=s  motion for new trial for hearing
on April 11, 2007.  Although this notification was not signed by appellant or
his counsel, the record indicates that it was faxed to appellant=s trial counsel on April 9, 2007. 
There is no indication that either appellant or his counsel appeared at the
hearing on April 11, 2007.  Moreover, the record does not support appellant=s contention that the trial court sua
sponte set the hearing outside the time limit: instead, on April 18, 2007,
appellant signed a case reset form, acknowledging that the hearing on his
motion for new trial had been reset from April 18, 2007 to May 7, 2007 so that
he could hire an attorney.[2]  

Under
these circumstances, the trial court did not err by concluding that appellant=s motion for new trial was overruled
by operation of law.[3]  We therefore
overrule appellant=s first issue.

B.        Right to Counsel and
Effective Assistance of Counsel








In his
second issue, appellant complains that he Awas denied his right to counsel, the
effective assistance of counsel and a fair trial when the trial court refused
to allow appellant=s counsel to utilize or otherwise communicate with her
paralegal during trial, rendering appellant=s counsel prejudicially ineffective.@ It is difficult to discern appellant=s exact complaint from this compound
issue.  Without any citation to authority, appellant states, AThe right to counsel also includes
the right of counsel to be assisted in the trial of a cause by counsel=s office staff.@[4]  Appellant goes on to argue that the
right to counsel includes the right to effective assistance of counsel.[5] 
Finally, appellant asserts that the trial court Awas aware that Counsel for Appellant
was inexperienced and relied upon the support of her paralegal.  The trial
court=s refusal to allow this assistance
denied Appellant his constitution[al] right to Counsel, and viewing the record
as a whole, the effective assistance of counsel.@[6]  

Because
he was represented by counsel throughout his trial, appellant=s complaint that he was denied
counsel must fail.  Moreover, his complaint that his trial counsel was denied
the assistance of her paralegal is belied by the record.  In fact, the trial
court expressed concern that appellant=s paralegal was attempting to
practice law without a license:

The Court:      Ms. Knight [trial counsel], I=ve got a problem here.  For the record, William
Satterwhite [paralegal] is in the courtroom.  He tried to sit at counsel table
during voir dire and I informed Ms. Knight he could not do so.  He is not a
licensed attorney.  In fact, he has been disbarred.  He=s not a licensed paralegal.

And if you=re going to persist in the middle of trial, turn[ing]
around and him telling you how to try this case, I am going to turn him in for
practicing law without a license.  

. . .

[Another
attorney] has helped you [during voir dire], but I am not going to allow him to
illegally participate, nor am I going to let him taint your bar card or your
record by him participating in this trial.








. . .

Ms. Knight:    For the record, Mr. Satterwhite has
worked with me for over a year now on all of my cases, and he=s worked very closely with me on this particular
case.  And I respect and understand that you control your courtroom and it=s your blanket procedure that a paralegal has to be
licensed.

The Court:      No, it=s not that a paralegal has to be licensed, it=s when you have a double B double strike against you.  I=m not allowing him to sit at counsel table or practice
law in the courtroom.  Is that understood?

When Mr. Satterwhite
informed the court that he was not practicing law, the trial judge replied that
she would hold him in contempt of court if he communicated with appellant=s attorney while witnesses were
being questioned.  Nothing in the record indicates counsel was barred from
communicating with her paralegal between witnesses or during any court
recesses.  Although appellant=s counsel stated at the recusal hearing that her paralegal
was fearful of speaking with her during breaks, nothing in our record indicates
the trial court barred communication between trial counsel and her paralegal in
this manner. 

Under
these circumstances, appellant has wholly failed to establish he was deprived
the assistance, effective or otherwise, of counsel.  We therefore overrule his
second issue.

C.        Right to Testify and Assist
Counsel

In his
third issue, appellant asserts he was denied his right to testify or assist
counsel because the trial court refused his request for a recess after
appellant suffered an epileptic seizure.  Regarding this issue, the following
transpired outside the presence of the jury immediately before the testimony of
the State=s final witness:

The Court:      It=s
3:55, and it was approximately 3:30 when the court took a break.  Right after
that the defendant had a seizure.  EMS was called, and I think, Pete [the
bailiff], you said according to them he probably had an anxiety attack.

Bailiff:            Yes, ma=am.








The Court:      Mom [appellant=s mother], you said he hadn=t eaten.

So, are we
ready to proceed at this time then?  We have got one more witness.

Ms. Knight:    Your honor, for the record, we object
to going forward.  Prior to the break the State was moving for a recess.

Anyway,
when the paramedics were attending to him, he didn=t know what the B
[appellant] didn=t know what day of the week it was.  He is having a
hard time understanding what is going on and communicating, and he cannot
assist me in my representation of him.  We=re just going to object to this going forward and move that we just
recess for the day and come back for the last witness tomorrow.

The Court:      [W]e have one more witness.  Can you
[appellant] get through that one witness?

Appellant:       Sure.

The Court:      Okay.  All right.  And he refused to
go with the EMS technician.

To the
extent that appellant=s issue consists of a complaint of the denial of his right to
testify, this complaint does not comport with the objection raised at trial and
has therefore not been preserved.  See Sorto v. State, 173 S.W.3d 469,
476 (Tex. Crim. App. 2005); Routier v. State, 112 S.W.3d 554, 586 (Tex.
Crim. App. 2003).  Thus, we construe  appellant=s issue as a complaint that (a) the
trial court refused an oral motion for a continuance or (b) appellant was
deprived of his right to understand, communicate, and assist in his trial, and
consider each of these arguments in turn.

As to
the trial court=s denial of his motion for a continuance, we review such a
complaint for abuse of discretion.  Matamoros v. State, 901 S.W.2d 470,
478 (Tex. Crim. App. 1995) (en banc).  Here, there was a basis in the record
for the trial judge to conclude that appellant could understand, communicate,
and assist in his trial: when asked whether he could continue, appellant replied
that he could.  Thus, the trial court did not abuse its discretion in denying
appellant=s motion for a continuance.  See id.








Regarding
whether appellant was denied his right participate in his defense, the trial
court was in the best position to determine whether appellant was able to
understand and participate in his trial.  See, e.g., Salazar
v. State, 93 S.W.3d 339, 341 (Tex. App.CTexarkana 2002, pet.dism=d) (noting that trial court was best
able to determine whether a defendant with hearing problems was able to
understand and participate in his trial); Lincoln v. State, 999 S.W.2d
806, 809B10 (Tex. App.CAustin 1999, no pet.) (same). 
Likewise, the trial court in this case directly asked appellant whether he was
able to continue.  Appellant replied that he was.  Under these circumstances,
we are not persuaded that the trial court failed to take constitutionally
adequate steps to ensure appellant was able to participate in his trial.  See
Salazar, 93 S.W.3d at 341; Lincoln, 999 S.W.2d at 809B10.  

In sum,
appellant has not established that the trial court abused its discretion in
failing to grant his oral request for a continuance.  Moreover, the trial court
took adequate steps to ensure that appellant was able to understand and
participate in his trial.  We therefore overrule appellant=s third issue.[7]

D.        Sufficiency
of the Evidence

Appellant
challenges the legal and factual sufficiency of the evidence to establish the
elements of ownership, vehicle identification, and consent, in his fourth
issue.  Appellant was charged by information with burglary of a vehicle.  The information provides, in
pertinent part, as follows:








YATES
ADDISON POITINGER, hereinafter styled the Defendant, heretofore on or
about JULY 16, 2006, did then and there unlawfully with intent to commit theft,
break into and enter a vehicle owned by DAWN MEYER, a person having a greater
right to possession of the vehicle than the Defendant, hereafter styled the
Complainant, without the effective consent of the Complainant, namely, without
any consent of any kind.

A person
commits the offense of burglary of a motor vehicle if, without the effective
consent of the owner, that person breaks into or enters a vehicle with the
intent to commit any felony or theft. Tex.
Penal Code Ann. ' 30.04(a) (Vernon Supp. 2007).  In turn, Aowner@ includes, inter alia, a
person with a Agreater right to possession of the property than the actor . . . .@  Id. ' 1.07(a)(35)(A).  

When
reviewing the legal sufficiency of the evidence, we do not ask whether we
believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789 (1979). 
Rather, we examine all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Id. at 319, 99 S.Ct.
at 2789; Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995) (en
banc). Our review of the evidence includes both properly and improperly
admitted evidence.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007).  We consider both direct and circumstantial evidence, and all
reasonable inferences that may be drawn therefrom in making our determination. 
Id.








            When
reviewing the factual sufficiency of the evidence, on the other hand, we view
all the evidence in a neutral light and set aside the verdict Aonly if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.@  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997) (en banc) (quoting Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (en banc)).  Before we may reverse for
factual insufficiency, we must first be able to say, with some objective basis
in the record, that the great weight and preponderance of the evidence contradicts
the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  When reviewing the evidence, we
must avoid intruding on the factfinder=s role as the sole judge of the
weight and credibility of the witness testimony.  Johnson v. State, 23
S.W.3d 1, 9 (Tex. Crim. App. 2000) (en banc).  We do not re‑evaluate the
credibility of witnesses or the weight of evidence, and we will not substitute
our judgment for that of the factfinder.  Johnson v. State, 967 S.W.2d
410, 412 (Tex. Crim. App. 1998).  Finally, we must discuss the most important
and relevant evidence that supports the appellant=s argument on appeal.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant
first asserts that the evidence is insufficient to establish that the
complainant owned the vehicle at issue because she testified she was a Acosigner@ on the vehicle and held the title
jointly with her ex-boyfriend.  Appellant further contends that the evidence is
insufficient to establish that the vehicle identified by the witnesses as a
black truck was the same black Ford F-150 truck about which the complainant
testified.  Finally, appellant argues the State failed to establish that
consent to enter the vehicle was neither given nor refused by the co-owner of
the vehicle.

But, as
discussed supra, several witnesses testified that they saw appellant
reaching into a black truck,[8] which they
pointed out to Moreno when he arrived at the scene.  According to Moreno, he Aran the license plate@ of the truck and identified the
complainant, Dawn Meyer, as one of the registered owners.  Meyer testified that
she co-owned the black Ford F-150 truck that was burglarized.  She further
stated that neither she nor the co-owner of the vehicle had given appellant
permission to enter the vehicle.[9]  Finally,
Deputy Moreno testified that appellant admitted he Amade entry@ into a black truck and took some
items.  According to Moreno, appellant stated that, when he was yelled at by a
witness, he dropped the items and ran away.








Viewing
this evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found that appellant, with the intent to
commit theft, entered the vehicle of the complainant without her effective
consent.  In addition, viewing all the evidence in a neutral light, we cannot
say that the jury=s verdict is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. We therefore overrule appellant=s fourth issue.

E.        Motion to Suppress

In his
final issue, appellant argues that the trial court abused its discretion by
denying his motion to suppress Deputy Moreno=s testimony concerning appellant=s statements to Moreno because Moreno
did not provide the safeguards required by federal and state statutory and
constitutional law.  When reviewing a ruling on a motion to suppress evidence,
we afford almost total deference to the trial court=s determination of the historical
facts and review de novo questions of law and mixed questions of law and fact
not turning on an evaluation of credibility and demeanor.  Amador v. State,
221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Ford v. State, 158 S.W.3d
488, 493 (Tex. Crim. App. 2005).

In the landmark 1966 decision, Miranda
v. Arizona, the United States Supreme Court held:

[T]he
prosecution may not use statements, whether exculpatory or inculpatory,
stemming from custodial interrogation of the defendant unless it
demonstrates the use of procedural safeguards effective to secure the privilege
against self‑incrimination. By custodial interrogation, we mean
questioning initiated by law enforcement officers after a person has been taken
into custody or otherwise deprived of his freedom of action in any significant
way.  








384 U.S. 436, 445, 86
S.Ct. 1602, 1612 (1966) (emphasis added).  Miranda clearly dictates that
statements stemming from a custodial interrogation are inadmissible without
procedural safeguards protecting the accused=s privilege of self-incrimination. 
Our legislature has codified these procedural safeguards in the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Pro. Ann. arts. 38.21, 38.22.  

Appellant
complains that these safeguards were not employed by Deputy Moreno prior to
questioning him and obtaining his confession.  But appellant has not
established that he was Ataken into custody or otherwise deprived of his freedom of
action in any significant way.@  Miranda, 384 U.S. at 445, 86 S.Ct. at 1612.  Indeed,
as noted above, appellant made these statements to Moreno during a telephone
conversation that he initiated, although he was returning Moreno=s initial telephone call.  ANothing in [article 38.22 of the
Texas Code of Criminal Procedure] precludes the admission of a statement made
by the accused . . . that does not stem from custodial
interrogation . . . .@ Tex.
Code Crim. Pro. Ann. art. 38.22 ' 5.  Appellant has provided no
reasonable basis from which we may conclude that he was Ain custody@ when he returned Moreno=s telephone call and made the
statements at issue to him.  See Dowthitt v. State, 931 S.W.2d 244, 255
(Tex. Crim. App. 1996) (outlining four general situations that may constitute
custody:  (1) when the suspect is physically deprived of his freedom of action
in any significant way; (2) when a law enforcement officer tells the suspect he
cannot leave; (3) when law enforcement officials create a situation that would
lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and
law enforcement officers do not tell the suspect he is free to leave).

In sum,
considering all of the objective circumstances, we conclude appellant was not
in custody when Moreno spoke to him on the telephone.  Because appellant was
not in custody, Miranda warnings were unnecessary.  Thus, the trial
court did not err in admitting appellant=s non-custodial statements. 
Accordingly, we overrule appellant=s fifth issue.








IV.  Conclusion

Having
overruled each of appellant=s issues, we affirm the judgment of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Opinion filed
April 24, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant=s
first, second, and third issues are multifarious in that each embraces more
than one specific ground of error.  See, e.g., Bell v. Tex.
Dep=t of Crim. Justice - Inst. Div., 962 S.W.2d 156, 157 (Tex. App.CHouston 1998, pet. denied).  Rather than refuse to
address these issues, we have attempted to discern the alleged errors about
which these complaints have been made.  See id.





[2]  On April 19, 2007, appellant=s trial counsel filed a motion to withdraw as attorney
of record.  The order granting this motion to withdraw contains a handwritten
notation by the trial court that it was Agranted
for record 4/18/07@ but was signed on April 20, 2007.  On May 7, 2007,
appellant=s original trial counsel again became counsel of
record for appellant.





[3]  Moreover, a trial court abuses its discretion by
failing to hold a hearing on a motion for new trial only when an accused
presents such a motion that raises matters not determinable from the record.  Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002) (en banc). AAs a prerequisite to obtaining a hearing, the motion
must be supported by an affidavit specifically showing the truth of the grounds
for attack.@  Id.  Instead of reflecting every component
required to establish relief, the affidavit must reflect that reasonable
grounds exist for determining that such relief could be granted.  Id. at
21B22.  Here, appellant=s attorney signed an affidavit stating only, AI have read Defendant=s Original Motion for New Trial and the facts and allegations contained
therein are within my personal knowledge true and correct.@  Although both appellant and his trial counsel later
filed affidavits with specific facts included, these affidavits were filed on
May 7, 2007, which was outside the time limit for conducting a hearing on a
motion for new trial.  See Tex.
R. App. P. 21.6 & 21.8.  Thus, because appellant failed to provide
an affidavit specifically  showing the truth of the grounds for attack, the
trial court would not have abused its discretion by denying appellant a hearing
on his motion for new trial.  See Martinez, 74 S.W.3d at 21.





[4]  Regardless of the accuracy of this assertion, a
trial judge is not required to permit a paralegal to sit at counsel=s table during trial.  See Sims v. State, 735
S.W.2d 913, 919 (Tex. App.CDallas 1987,
pet. ref=d).





[5]  Although appellant cites authority for this
proposition, he does not discuss or refer to the standard of review for an
ineffective assistance of counsel complaint.  





[6]  Despite the allegation of ineffective assistance of
counsel, appellant is represented on appeal by the same counsel he retained at
trial.





[7]  Also included in this section of appellant=s brief is further argument regarding the trial court=s alleged refusal to allow trial counsel and her
paralegal to communicate during appellant=s
trial.  But we have already determined supra that the trial court did
not bar all communication and instead limited the interaction between appellant=s trial counsel and her paralegal out of concern that
counsel=s paralegal, a disbarred attorney, would be practicing
law without a license.  For the sake of brevity, we do not address these
complaints again.





[8]  In fact, William Davis identified the truck as Aa black, step-side F150.@  Garrett Cei similarly identified the vehicle as a Ablack Ford F150.@ 





[9]  Although appellant objected to this testimony as
hearsay, our review of the sufficiency of the evidence includes both properly
and improperly admitted evidence.  Clayton, 235 S.W.3d at 778.