# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00098-CR

**Justin Todd Valdez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY
### NO. 41070, HONORABLE EDWARD J. JARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Justin Todd Valdez appeals his conviction for the offense of assault-family violence. *See* Tex. Penal Code § 22.01. In five points of error, appellant contends that the trial court erred when it did not provide a sign language interpreter, denied appellant's motion for new trial, and accepted appellant's plea of nolo contendere. He also urges the trial court violated his federal and state due process rights. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, §§ 10, 19. We affirm the judgment of conviction.

## BACKGROUND

Appellant appeared without an attorney at an arraignment proceeding on October 18, 2011. At the outset of the hearing, the trial court questioned appellant and confirmed that appellant had a "hearing impairment" but that he could read lips. Appellant was also wearing hearing aids. Appellant responded "Yes" when asked by the court if he would like "to visit with the

prosecutor to see if you can reach an agreement about your case." After an agreement was reached between the State and appellant, appellant signed a waiver of rights and entered a plea of nolo contendere, and the trial court sentenced appellant in conformity with the agreement. The trial court found appellant guilty of the offense of assault-family violence and assessed a sentence of 365 days confinement and a fine of $1,000 plus court costs but placed appellant on community supervision for a period of two years.

Appellant thereafter retained an attorney and filed a motion for a new trial in the interest of justice. He contended that he was "a deaf person who is substantially hearing impaired in both ears," that he "uses hearing aids to help him hear, but must read lips in order to try and understand what is being said to him," and that he "did not understand what was actually occurring [during the October court proceeding] and he thought that the attorney for the State in this matter was his attorney." He also contended that he requested an interpreter but that one was not provided.

An evidentiary hearing was held on the motion for new trial on December 19, 2011. A sign language interpreter was at that hearing. Appellant testified that he often misunderstands when reading lips and that he was confused by the waiver of rights and did not understand what a no contest plea was or that he had the right to a jury trial on the matter. Appellant also testified that he was "hard of hearing" and that he asked a "lady clerk" for an interpreter on the day of the October court proceeding. He confirmed, however, that he did not ask the trial court or the prosecutor for an interpreter on that day and that he was wearing hearing aids. The transcript from the October court proceeding also was admitted as an exhibit.

2

The trial court denied the motion for new trial but gave appellant permission to appeal the judgment of conviction. The trial court also made findings of fact and conclusions of law. This appeal followed.

## DISCUSSION

*Interpreter*

In his first, fourth, and fifth points of error, appellant contends that the trial court erred when it did not provide a qualified sign language interpreter during the court proceeding on October 18, 2011. He contends that the failure to provide an interpreter violated article 38.31 of the Texas Code of Criminal Procedure, *see* Tex. Code Crim. Proc. art. 38.31, and that the trial court's misapplication of the law violated his due process rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, sections 10 and 19 of the Texas Constitution. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, §§ 10, 19.

Section 38.31 states in relevant part:

(a)     If the court is notified by a party that the defendant is deaf and will be present at an arraignment [or] hearing, . . . the court shall appoint a qualified interpreter to interpret the proceedings in any language that the deaf person can understand, including but not limited to sign language.

. . .

(g)     In this Code:

(1)     "Deaf person" means a person who has a hearing impairment, regardless of whether the person also has a speech impairment, that inhibits the person's comprehension of the proceedings or communication with others.

Tex. Code Crim. Proc. art. 38.31(a), (g).

Article 38.31 implements the constitutional right to confrontation, which includes the defendant's right to "sufficiently understand the proceedings against him such that he is able to assist in his own defense." *Linton v. State*, 275 S.W.3d 493, 501, 503–04 (Tex. Crim. App. 2009); *see Lincoln v. State*, 999 S.W.2d 806, 809 (Tex. App.—Austin 1999, no pet.). Further, courts "have recognized an obligation outside the statute, based on state and federal constitutional law, to fashion a remedy suitable to overcome a particular defendant's disability." *Adams v. State*, 749 S.W.2d 635, 639 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); *see also* U.S. Const. amend. VI, Tex. Const. art. I, § 10. Once a trial court learns that a defendant is deaf, "the trial court is responsible for taking whatever steps are necessary to ensure minimum understanding." *Linton*, 275 S.W.3d at 503–04.

The controlling issue here is whether the trial court should have been aware that appellant was a "deaf person" as that term is defined under article 38.31. *See* Tex. Code Crim. Proc. art. 38.31(g)(1); *Linton*, 275 S.W.3d at 503–04; *Lincoln*, 999 S.W.2d at 809–10; *see also Ex parte Cockrell*, 424 S.W.3d 543, 551 (Tex. Crim. App. 2014) (noting that "whether the trial court should have realized that applicant had a hearing impairment . . . is pertinent when the complaint relates to whether the trial court committed error by failing to appoint an interpreter"). Although appellant testified at the hearing on the motion for new trial that he requested an interpreter from a "lady clerk," he was unable to otherwise identify the clerk, and the record reflects that he did not request an interpreter from the court at any time during the court proceeding in October. At the outset of the hearing, the trial court confirmed with appellant that he had a "hearing

impairment" but that he was able to read lips and appellant was wearing hearing aids. The court directly communicated with appellant throughout the course of the proceeding, and appellant was able to answer the court's questions and otherwise follow the court's directions.[1]

The court also took steps to make sure appellant heard and understood what was happening during the court proceeding. When the court asked the prosecutor to say on the record the agreed recommendation for sentencing, the trial court directed appellant that he "might want to turn and look at her to make sure you understand it all." After the prosecutor stated the recommendation, the court asked appellant: "Now, Mr. Valdez, was that your understanding and agreement? Is that what you agreed to before you walked up here?" Appellant answered: "That's true." Appellant also signed a written waiver of rights and answered "Yes, sir" when asked by the

---

[1] For example, after the court sentenced appellant and advised him that the court was going to probate his jail sentence for two years, the court and appellant had the following exchange:

[The Court]: Now are you living in Caldwell County or [do] you live in Travis County?

[Appellant]: Caldwell County.

[The Court]: Caldwell?

[Prosecutor]: He works in Travis.

[The Court]: All right. Now, do you have any questions that you want to ask me?

[Appellant]: Where is the probation office?

[The Court]: Okay, we're going to send you over to the probation office in just a minute. . . . What else?

[Appellant]: That's it.

court if the signature on the waiver was his and answered "True" when asked by the court: "When you signed this, you're telling me that you've read it and you understand what your legal rights are, true?" Although appellant stated at other times during the hearing that he did not understand certain statements by the court, appellant did not advise the court that he was unable to hear, such as by asking the court to repeat a question. In context, the nature of his misunderstandings concerned the substance of the court's statements, not an inability to hear what the court was saying.

Given that appellant was able to communicate with others and to respond appropriately to questions and directions from the court during the plea proceeding on October 18, 2011, the trial court could have reasonably concluded that appellant was not a "deaf person" as that term is defined under article 38.31. *See* Tex. Code Crim. Proc. art. 38.31; *Linton*, 275 S.W.3d at 503–04; *Salazar v. State*, 93 S.W.3d 339, 341 (Tex. App.—Texarkana 2002, pet. ref'd) (concluding that failure to provide interpreter for victim's testimony following defendant's guilty plea did not contribute to punishment assessed (citing Tex. R. App. P. 44.2(a))); *see also Sifuentes v. State*, No. 11-11-00293-CR, 2013 Tex. App. LEXIS 9592, at *2–6 (Tex. App.—Eastland Aug. 1, 2013, no pet.) (mem. op., not designated for publication) (concluding that trial court did not err when it did not provide an interpreter and noting that record "does not reveal any facts indicating that the trial court should have been aware that Appellant had difficulty understanding the English language"). Thus, we conclude that the trial court did not reversibly err when it did not provide an interpreter.

Further, we conclude that appellant has not established that the trial court violated his due process rights when it did not provide an interpreter. *See Linton*, 275 S.W.3d at 501 (listing

6

"lip reading" and "written communication" as possible "solutions to provide the particular defendant with 'the minimum level' of understanding that is constitutionally required"); *Lincoln*, 999 S.W.2d at 810 (concluding that "not persuaded that the court failed to take constitutionally adequate steps to assure that appellant heard and understood the proceedings"); *Adams*, 749 S.W.2d at 638–39 (discussing alternative methods for providing "minimum level of understanding that is constitutionally required"). We overrule appellant's first, fourth, and fifth points of error.

### *Motion for New Trial*

In his second point of error, appellant contends that the trial court erred when it denied his motion for new trial. Appellant's motion for new trial was based on his alleged inability to understand and assist in his defense at the proceeding on October 18, 2011, because of his "hearing disability." A trial court may grant a new trial "in the interest of justice," and its decision to grant or deny a defendant's motion for new trial is reviewed under an abuse of discretion standard. *State v. Herndon*, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007). Under that standard, "[w]e do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). "A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

As previously stated, appellant had a sign language interpreter at the hearing on his motion for new trial. He also testified about his hearing impairment and his lack of understanding of the October proceeding because of this impairment. His position was that, without an interpreter, he was unable to understand the proceeding against him or to defend himself. The trial court,

however, observed appellant at the proceeding on October 18, 2011, and "was in the best position to judge the credibility of appellant's claim" that he was unable to understand what was happening at the proceeding because of a hearing impairment. *See Lincoln*, 999 S.W.2d at 810 (noting that district court in "best position to judge credibility of appellant's claim that he did not hear the proceedings" because the court "observed appellant throughout the trial"). The trial court's finding of fact included:

3.  The Defendant Justin Todd Valdez informed the Court that he was hearing impaired, but indicated that he could read lips. The Defendant never requested the aid of a deaf interpreter.

. . .

13. At no time did the Defendant Justin Todd Valdez indicate to the Court that he was not able to communicate with the Court or State's counsel, or that he did not understand the statements made to him, or that he did not understand the written admonishments that he executed, or that he wanted the services of a deaf interpreter.

Based on its findings, the trial court concluded that appellant "failed to show good cause why [his] motion for new trial should be granted." On this record, we cannot conclude that the trial court abused its discretion when it denied appellant's motion for a new trial. *See id.* We overrule appellant's second point of error.

*Plea of Nolo Contendere*

In his third point of error, appellant contends that the trial court erred when it accepted appellant's plea of nolo contendere because it was not freely and voluntarily given and

8

because the trial court failed to admonish him in compliance with article 26.13 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 26.13.

For purposes of this appeal, article 26.13 requires the court to admonish the defendant prior to accepting a plea of nolo contendere and prohibits the court from accepting a plea of nolo contendere "unless it appears that the defendant is mentally competent and the plea is free and voluntary." *See id*. art. 26.13(a), (b). "[S]ubstantial compliance is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id*. art. 26.13(c). In considering the voluntariness of a plea, we examine the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). Further, the failure to admonish is subject to harm analysis of statutory error. *See* Tex. R. App. P. 44.2(b); *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007) (noting that failure to admonish subject to harm analysis of statutory error).

Appellant contends that he did not enter his plea freely or voluntarily because the record shows that he was unaware of the consequences of his plea, did not understand his options or the proceeding, and thought he was following the advice of counsel because he thought the State's attorney was his attorney. He urges that "there was no voluntary waiver of his rights" and that he was not properly admonished by the trial court, specifically as to the waiver of his right to appeal and the non-binding nature of a plea agreement. *See* Tex. Code Crim Proc. art. 26.13(a)(2), (3). Appellant also urges that he was confused by the written waiver of rights because it was in English and he was in special education classes. Appellant testified at the hearing on his motion for new trial that he did not understand what a no contest plea was, that he told the trial court at the

9

proceeding on October 18, 2011, that he did not understand, and that he "was in special ed classes" and that he "still had some problems understanding written and understanding English also."

The record from the October proceeding does not support appellant's arguments. The record shows that the trial court orally admonished appellant during the court proceeding as to his rights to a formal arraignment, the right to be represented by an attorney, the right to have an attorney appointed if he could not afford one, the right to remain silent, the right to a jury trial, and the right to enter a plea of not guilty, guilty, or no contest to the charge. The trial court also admonished appellant as to the range of punishment, and appellant signed a written waiver of rights. The trial court's findings of fact included:

4.  The Defendant Justin Todd Valdez was admonished by the Court of his right to a formal arraignment; the right to be represented by an attorney; the right to have an attorney appointed to represent him if he was poor and couldn't hire an attorney; the right to remain silent; the right to a trial by jury or before the judge; and the right to enter a plea of Not Guilty, Guilty or Nolo Contendere to the charge pending. The Defendant stated he understood his rights. The Defendant was admonished as to the range of punishment for a Class "A" Misdemeanor.

5.  The Defendant Justin Todd Valdez elected to enter into plea negotiations with the State of Texas.

6.  The Defendant Justin Todd Valdez was again admonished of his legal rights and the range of punishment for a Class "A" Misdemeanor.

7.  The Defendant Justin Todd Valdez indicated that he could read and write English and thereafter he executed a written waiver of rights document and represented to the Court that he understood his rights, that he wished to waive his rights, and that he wanted to enter a plea of No Contest to the charge.

Based on its findings, the trial court concluded that appellant "made a knowing waiver of his legal rights and entered into a negotiated plea." The trial court also granted appellant permission to appeal despite the plea agreement, and the trial court's sentence conformed with the negotiated plea.

Although the record does not show that the trial court admonished appellant as to the waiver of his right to appeal and the non-binding nature of a plea agreement, based on our review of the record as a whole, we conclude that the trial court substantially complied with article 26.13 when it accepted appellant's plea of nolo contendere. *See* Tex. Code Crim. Proc. art. 26.13(c); *Williams*, 522 S.W.2d at 485. Further, we conclude that any error by the trial court was harmless. *See* Tex. R. App. P. 44.2(b); *Fakeye*, 227 S.W.3d at 716. Thus, we overrule appellant's third point of error.

## CONCLUSION

For these reasons, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: August 29, 2014

Do Not Publish