IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0514-06






OLUGBENGA FAKEYE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Meyers, J., delivered the opinion of the unanimous Court..


 

O P I N I O N 


 Appellant, Olugbenga Fakeye, pleaded guilty to organized criminal activity with the
underlying offense of fraudulent use or possession of identifying information. A jury
assessed punishment at five years' confinement and a $1,652 fine. It is undisputed that the
trial court failed to admonish Appellant of the deportation consequences of his plea, as
required by Article 26.13(a)(4) of the Texas Code of Criminal Procedure. 

 Appellant appealed his conviction, claiming that his guilty plea was involuntary as a
result of the trial court's failure to admonish him of the deportation consequences of his
plea. The court of appeals reversed the trial court's decision, holding that the trial court's
failure to correctly admonish him was harmful error, and remanded the case to the trial
court for further proceedings. We granted the State's petition for discretionary review,
which asserts two points of error: 1) The court of appeals erred in relying on allegations in
a motion in limine as some evidence that Appellant was not a citizen; 2) The court of
appeals' opinion reversing this conviction is unwarranted because the trial court's error
may be remedied by abatement. 

Analysis

 In its first issue, the State argues that the court of appeals erred in relying on
allegations in a motion in limine as some evidence that Appellant was not a citizen of the
United States when conducting its harm analysis. We disagree. 

 Article 26.13(a)(4) of the Texas Code of Criminal Procedure (1) requires that, before
accepting a guilty plea, the trial court admonish the defendant of the possibility of
deportation. Tex. Code Crim. Proc. art. 26.13(a)(4). The failure of a trial court to
admonish a defendant as required by Article 26.13 is a statutory error rather than a
constitutional error. Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). Under
Texas Rule of Appellate Procedure 44.2(b), (2) when conducting the harm analysis of
statutory errors, courts of appeals must disregard the error unless it affected Appellant's
substantial rights. Id. (citing Tex. R. App. Proc. 44.2(b)).

 We recently explained that, when applying Rule 44.2(b) to the failure to give an
admonition, the appellate court must determine whether, "considering the record as a
whole, [there is] fair assurance that the defendant's decision to plead guilty would not have
changed had the court admonished him[.]" Anderson v. State, 182 S.W.3d 914, 919 (Tex.
Crim. App. 2006). Three inquiries can be useful to this determination when the trial court
failed to admonish the defendant of the deportation consequences of his plea: whether the
defendant was a citizen of the United States, whether the defendant was aware of the
consequences of his plea, and the strength of the evidence of guilt. 

 The court of appeals correctly examined the entire record for indications that
Appellant was, or was not, aware of the consequences of his plea and whether he was misled
or harmed by the trial court's failure to admonish him. The court did not merely assume
that Appellant was an immigrant, but relied on several circumstances found in the record,
which it held would support such an inference. The State argues that the court of appeals
erred in relying on information in a motion in limine because a motion in limine is not
"evidence." However, it is not a requirement that support for an inference regarding
citizenship be direct evidence. Statements made by the attorneys are not "evidence" either,
but they are references found in the record that can support an inference. See Burnett, 88
S.W.3d at 641 (holding that the trial judge's failure to admonish the appellant regarding the
range of punishment was harmless because the record was "replete" with statements by the
parties concerning the punishment range and because there was nothing in the record to
indicate that the appellant was unaware of the range of punishment). Further, the court of
appeals found additional evidence in the record that Appellant was not a United States
citizen, including Appellant's testimony that he came from another country and an exhibit
reflecting that Appellant graduated from high school in Nigeria, where he lived as late as
2001. (3) The court of appeals' conclusion that Appellant was an immigrant was a reasonable
inference based on the record as a whole, including the motion in limine.

 The State also argues that the court of appeals improperly assumed that Appellant
did not know the consequences of his plea. In its analysis of the entire record, the court of
appeals found no indication that Appellant was aware of the deportation consequences of
his plea, and the State points to no evidence suggesting that Appellant did know the
deportation consequences. The court of appeals correctly stated that a silent record
supports the inference that the defendant was unaware of the consequences. (4) See Burnett,
88 S.W.3d at 638. We overrule the State's first issue.

 In its second issue, the State contends that Rule 44.4 requires the court of appeals to
abate the appeal and remand to the trial court for a hearing on Appellant's citizenship status
and his awareness of the deportation consequences of his guilty plea. We disagree.

 Rule 44.4 (5) is implicated when "a trial court's error prevents the proper presentation
of the case to the appellate court and that error can be remedied (without requiring an entire
new trial or new punishment hearing) . . . ." LaPointe v. State, 2007 Tex. Crim. App. Lexis
505 at *20. Courts of appeals properly use Rule 44.4 "[w]hen a trial court has erroneously
withheld information necessary to evaluate a defendant's claim on appeal (e.g. failure to
file required findings of fact) or has prevented the defendant from submitting information
necessary to evaluate his claim (e.g. his refusing to permit an offer of proof) . . . ." Id. at
*24. In such situations, "the appellate court must direct the trial court to remedy the error
so that the appellate court will be in a position to evaluate the appeal properly." Id. at *20. 
In the cases in which abatement was necessary or proper, the trial courts' errors usually
involved failure to conduct a required hearing or erroneously excluding testimony in a
hearing. For example, we have held that abatement was proper when a trial court refused to
permit a defendant to make an offer of proof or a bill of exception, Spence v. State, 758
S.W.2d 597, 599-600 (Tex. Crim. App. 1988), when a trial court failed to conduct a proper
Batson hearing, Hutchison v. State, 86 S.W.3d 636, 638 n.1 (Tex. Crim. App. 2002) (citing
cases from this court and the courts of appeals), and when a trial court failed to reduce to
writing its findings of fact and conclusions of law on the disputed fact issues surrounding
the taking of a confession, Bonham v. State, 644 S.W.2d 5, 8-9 (Tex. Crim. App. 1983).

 In this case, the trial court's error was the failure to admonish Appellant as to the
deportation consequences of his plea. This is not a remediable error under Rule 44.4
because it did not prevent the proper presentation of the case to the appellate court. 
Although the error may have affected Appellant's decision to plead guilty, it did not directly
exclude necessary information from trial.

 The State also characterizes as error the lack of information in the record regarding
Appellant's immigration status and knowledge of the deportation consequences of his plea. 
However, the trial court is not required to make such findings at trial. The State
mischaracterizes information useful to the court of appeals' harm analysis as information
erroneously excluded by the trial court. By requesting abatement for a hearing on these
issues, the State is requesting that the court of appeals abate the appeal and remand the case
for a hearing on the harm resulting from the trial court's error. This is not the function of
Rule 44.4. 

 In this case, the trial court erred by failing to properly admonish Appellant as
required by Article 26.13, and the court of appeals properly conducted a harm analysis
based on a review of the entire record.

Conclusion

 Because the court of appeals performed a proper analysis of the record to determine
whether Appellant was harmed by the trial court's error and because its decision to reverse
and remand was proper, we affirm the decision of the court of appeals. 

 

 Meyers, J. 

Delivered: June 27, 2007

Publish

1. All subsequent references to "Article" or "Articles" refer to the Texas Code of Criminal
Procedure. 
2. All subsequent references to "Rule" or "Rules" refer to the Texas Rules of Appellate
Procedure. 
3. The court of appeals relied on: 

 (1) a motion in limine request[ing] that there be no mention of "defendant's immigration
status in this country," which was discussed at the hearing wherein Fakeye, age
eighteen, pleaded guilty, (2) State's exhibit twenty-two that indicated that Fakeye went
to high school in Nigeria, where he lived as late as 2001, and (3) testimony from
Fakeye where he stated that he came to the United States from another country.

Fakeye v. State, 192 S.W.3d 112, 114 (Tex. App.-Ft. Worth 2006). 
4. A record that is completely silent as to the consequences of a guilty plea supports the
inference that the appellant was unaware of the consequences. However, if the record contains
reference to the information the admonishment would have provided, the record is not completely silent
and may not support the inference that he was unaware of the consequences. See e.g., Aguirre-Mata
v. State, 125 S.W.3d 473, 476-77 (Tex. Crim. App. 2003) (explaining "the record contains
references to the correct punishment range and there is nothing in the record that shows appellant was
unaware of the consequences of his plea or that he was misled or harmed."); Burnett, 88 S.W.3d at
639-41 (record contained references to correct punishment range and there was nothing in the record
that showed appellant was unaware of the range of punishment).
5. Texas Rule of Appellate Procedure 44.4 provides: 

 Remediable Error of the Trial Court.

 (a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an
appeal if:

 (1) the trial court's erroneous action or failure or refusal to act prevents the proper
presentation of a case to the court of appeals; and

 (2) the trial court can correct its action or failure to act.

 (b) Court of appeals direction if error remediable. If the circumstances described in (a)
exist, the court of appeals must direct the trial court to correct the error. The court of
appeals will then proceed as if the erroneous action or failure to act had not occurred.