IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00044-CR

 

Chavor Antwon Gamble,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 10510-A

 



MEMORANDUM  Opinion



 








            Antwon Chavor Gamble pleaded guilty to
robbery.  A jury found that he had been previously convicted of a felony and
assessed his punishment at sixty years’ imprisonment.  Gamble contends in his
sole issue that the court erred by failing to admonish him of the deportation
consequences of his guilty plea.  We will affirm.

            Gamble’s prior counsel filed an Anders
brief asserting that Gamble’s appeal presented no issues of arguable merit. 
This Court, with Chief Justice Gray dissenting, disagreed and abated the appeal
for the appointment of other counsel, noting in particular the trial court’s
failure to admonish Gamble in accordance with article 26.13 of the Code of
Criminal Procedure and the absence of evidence in the record to indicate that
Gamble is a United States citizen or was aware of the deportation consequences
associated with a guilty plea.  See Gamble v. State, 199 S.W.3d 619 (Tex. App.—Waco 2006, order) (per curiam).

            After abatement and the appointment of
new counsel, the State caused a supplemental clerk’s record to be filed containing
Gamble’s original application for appointment of counsel, which he had completed
after arrest but before indictment.[1]  See
Tex. R. App. P. 34.5(c)(1)
(“If a relevant item has been omitted from the clerk’s record, the trial court,
the appellate court, or any party may by letter direct the trial court
clerk to prepare, certify, and file in the appellate court a supplement
containing the omitted item.”) (emphasis added).  In this application, Gamble
stated under oath that he was born in Mexia.

            A trial court errs when it fails to
admonish a criminal defendant under article 26.13 of the consequences of a
guilty plea.  Fakeye v. State, No. PD-514-06, 2007 WL 1828690, at *1 (Tex. Crim. App. June 27, 2007).  Such failure constitutes statutory error which this Court
must disregard unless it affected the defendant’s substantial rights.  Id.; Tex. R. App. P. 44.2(b).  We must
examine “the entire record” to determine whether the failure to admonish
affected Gamble’s substantial rights.  Fakeye, 2007 WL 1828690, at *3.

            Here, Gamble’s application for
appointed counsel reflects that Gamble is a United States citizen born in Mexia
in 1977.  This is consistent with the testimony of his mother that she had
lived in Mexia “a long time” and with Gamble’s testimony that he lives in Mexia
and completed tenth grade.  Therefore, because the record affirmatively
reflects that Gamble is a United States citizen, the court’s failure to
admonish him of the deportation consequences of a guilty plea did not affect
his substantial rights.  See Anderson v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006) (citing Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).

We overrule Gamble’s sole issue and affirm the
judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 25, 2007

Do not publish

[CRPM]

            









[1]
              The original clerk’s record
contains the order appointing counsel signed five days after Gamble signed his
application for appointed counsel.