COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-279-CR

RENARD VANCE BURTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Renard Vance Burton appeals his conviction for murder.  In five points, appellant complains that the trial court failed to properly admonish him before accepting his guilty plea.  We affirm.

On May 10, 2005, appellant stabbed and killed Serena Martinez after an argument.
(footnote: 2)  Appellant did not dispute that he killed the victim; rather, the issue at trial was whether or not he acted as a result of sudden passion.  Appellant pleaded guilty to murder, and, after hearing evidence and argument as to sudden passion and punishment, a jury found appellant guilty, rejected his special issue on sudden passion, and sentenced him to eighty years in prison and a ten thousand dollar fine.  

Since all of appellant’s points focus on the propriety of the trial court’s admonishments to appellant before accepting his guilty plea, we begin by setting out the admonishments at length.  The following exchange occurred outside the presence of the jury, immediately prior to voir dire:

THE COURT: To [the murder indictment], sir, how do you plead, guilty or not guilty?

THE DEFENDANT:   Guilty, Your Honor.

THE COURT: Okay.  You understand you don’t have to enter a plea of guilty.  I know you and your attorney have been over this a great deal; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: But that is what you want to do here today?  We’ll have a jury here in a little bit and we’ll be willing to go forward with this trial.  Do you have any question of me or do you have any—or you would say this is a free and voluntarily plea; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And this is what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.  I’ll accept the plea. 

. . . .

THE COURT: Mr. Burton, I wanted to ask you a few more questions to make sure you understood this.  I know your lawyers have been over it, but you understand the range of punishment in this case is five to ninety-nine years or life; is that right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you are still wanting to enter your plea; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you still have no questions of myself and no questions of your attorney?

THE DEFENDANT: No, sir.

THE COURT: And you’re—you have some very valuable constitutional rights.  You know you have a right to enter a plea of not guilty and make them prove each and every element of this offense; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: But that’s what you’re insisting on doing?

THE DEFENDANT: Yes, sir.

THE COURT: All right.  Thank you. 

In his first, third, fourth, and fifth points, appellant argues that the trial court failed to adequately admonish him of the legal consequences of his guilty plea as required by Texas Code of Criminal Procedure Article 26.13(a) by failing to admonish him that his guilty plea admitted as true each element of the allegations in the indictment, including his culpable mental state; by failing to admonish him of the full range of punishment; and by failing to admonish him that a conviction for murder could result in his deportation.   

Article 26.13(a) requires that, before accepting a guilty plea, the trial court must admonish a defendant of (1) the range of punishment, (2) the fact that the State’s punishment recommendation is not binding on the trial court, (3) the limited right to appeal, (4) the possibility of deportation if the defendant is not a United States citizen, and, if applicable, (5) the fact that the defendant may be required to comply with sex offender registration requirements.
(footnote: 3)  
In admonishing the defendant, substantial compliance with article 26.13(a) is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.
(footnote: 4)  If a trial court’s admonishment substantially  complies with article 26.13(a) and the appellant does not meet his burden of showing that he was unaware of the consequences and misled or harmed by the admonishment, we need not address harm.
(footnote: 5)
 The trial court’s admonishments regarding appellant’s guilty plea and range of punishment were in substantial compliance with article 26.13(a).  First, the trial court informed appellant that a plea of not guilty would require the State to prove each and every element of the offense.  The trial court was not required to further inform appellant that his guilty plea is an admission that each element of the offense he is charged with is true.
(footnote: 6)  Second, with respect to punishment, the trial court properly advised appellant of the appropriate range of incarceration for first degree murder.
(footnote: 7)  Although the trial court did not inform appellant of the possibility of a fine, this was mentioned during voir dire, where appellant was present, and both the court’s charge and the verdict form contained the correct range.  Appellant did not object to the charge, and both the charge and verdict form were read in open court, while appellant was present.
(footnote: 8)  Because appellant has not affirmatively shown that he was unaware of the consequences of his plea or was misled or harmed by the trial court’s incomplete admonishment regarding the fine, the trial court’s admonishment on punishment range was sufficient.
(footnote: 9)  

The trial court, however, altogether failed to admonish appellant of the deportation consequences of his plea as required by article 26.13(a)(4). 
 
This is a statutory error; therefore, we analyze harm under rule 44.2(b), disregarding the error unless it affected appellant’s substantial rights.
(footnote: 10)  The failure to admonish a defendant of possible deportation consequences of his guilty plea is harmless when the defendant is a United States citizen because the threat of deportation could not have influenced his decision to plead guilty.
(footnote: 11)  While we may not merely assume appellant is or is not a citizen, we are authorized to make reasonable inferences from facts in the record.
(footnote: 12)
 Here, the evidence shows as follows:

Appellant spoke fluent English without a foreign accent. 

Appellant’s mother Shirley Schoolfield, younger brother Kirk Burton, and older sister Bridgette Burton all spoke fluent English. 

Appellant’s young children also spoke fluent English (appropriate to their ages) and did not speak with a foreign accent.
(footnote: 13) 

Appellant’s children, his mother, his maternal grandparents, all of his siblings, and at least several nieces or nephews live in Fort Worth, Texas.
(footnote: 14) 

Appellant was raised by his mother and lived in her house. 

Appellant has several prior convictions in Tarrant County: one in 1986 (at age 18), one in 1990 (age 21), and one in 2001 (age 32).  Therefore, he has been present in Tarrant County for at least the past twenty-one years.
(footnote: 15)  There is no evidence that appellant was deported after any of these convictions.
(footnote: 16) 

Based on the evidence, we conclude that it is reasonable to infer that appellant is a citizen of the United States.
(footnote: 17)  Therefore, the trial court’s failure to admonish him on the deportation consequences of his guilty plea could not have influenced his decision to plead guilty and is harmless.
(footnote: 18)  Appellant’s first, third, fourth, and fifth points are overruled.

In his second point, appellant contends that the trial court improperly failed to determine his mental competency to knowingly and voluntarily enter a guilty plea as required by article 26.13(b).  

Article 26.13(b) provides that the trial court shall not accept a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary.
(footnote: 19)  The trial court need not, however, inquire into the defendant’s mental competency unless the issue of mental competency is raised at the time the plea is made.
(footnote: 20)  If the issue of mental competency is not raised, the trial court does not err by accepting a guilty plea.
(footnote: 21) 

Here, the trial court did not affirmatively inquire into appellant’s mental competency before accepting his guilty plea.  No issue, however, as to mental competency had been raised.  Therefore, the trial court did not err in accepting the plea.  Accordingly, we overrule appellant’s second point. 

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:   October 18, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
There was conflicting evidence as to whether the victim was appellant’s girlfriend or wife.  It was undisputed, however, that she and appellant had been in a relationship for approximately nine years and had two children.  

3:
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon 1989 & Supp. 2006).

4:
Id.
 
art. 26.13(c).

5:
See
, 
e.g.
, 
Lemmons v. State
, 133 S.W.3d 751, 757, 759 (Tex. App.—Fort Worth 2004, pet. ref’d) (noting that upon a showing of substantial compliance, the burden shifts to appellant to show that he entered the plea without understanding the consequences and he suffered harm); 
Singleton v. State
, 986 S.W.2d 645, 651 (Tex. App.—El Paso 1998, pet. ref’d). 

6:
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a). 

7:
See
 Tex. Penal Code Ann.
 §§ 12.32, 19.02(c) (Vernon 2003) (providing together that the punishment for murder is five to ninety-nine years’ imprisonment or life and a fine up to ten thousand dollars).

8:
See Aguirre-Mata v. State
, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003); 
Burnett v. State
, 88 S.W.3d 633, 639–41 (Tex. Crim. App. 2002); 
Ramos v. State
, 45 S.W.3d 305, 309 (Tex. App.—Fort Worth 2001, pet. ref’d).

9:
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(c); 
Singleton
, 986 S.W.2d at 651 (holding admonishment warning defendant of prison range but not of possible fine to be in substantial compliance with article 26.13(a)).

10:
Tex. R. App. P.
 44.2(b); 
Fakeye v. State
, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007); 
Burnett
, 88 S.W.3d at 637
.
 

11:
VanNortrick v. State
, 227 S.W.3d 706, 709, 713 (Tex. Crim. App. 2007).

12:
Fakeye
, 227 S.W.3d at 716–17; 
VanNortrick
, 227 S.W.3d at 710–11.

13:
We base these conclusions on the testimony of appellant, Schoolfield, Kirk, and Bridgette; Kirk’s written statement; and audio and videotaped interviews of appellant and both children. 

14:
Appellant’s father is deceased, and there is no evidence of the citizenship status of appellant’s father or father’s relatives. 

15:
See Fakeye
, 227 S.W.3d at 717 & n.3 (considering appellant’s previous residence in Nigeria as evidence of noncitizenship)
.

16:
Although evidence of a single prior conviction without deportation does not alone establish that appellant is a citizen because there is no guarantee of deportation, 
see
 
VanNortrick
, 227 S.W.3d at 711, we believe that appellant’s numerous convictions without evidence of deportation are some evidence of his citizenship when considered in conjunction with the other evidence listed above.

17:
See Gamble v. State
, No. 10-05-00044-CR, 2007 WL 2127337, at *1 (Tex. App.—Waco July 25, 2007, pet. filed) (mem. op., not designated for publication) (considering testimony of appellant’s mother that she had lived in Mexia “a long time” and appellant’s testimony that he lives in Mexia and completed tenth grade to be probative of citizenship). 

18:
See VanNortrick
, 227 S.W.3d at 709, 713.

19:
Tex. Code Crim. Proc. Ann.
 art. 26.13(b).

20:
Kuyava v. State
, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976);
 Denton v. State
, Nos. 02-02-00467-CR, 02-02-00468-CR, 2004 WL 362265, at *2 (Tex. App.—Fort Worth Feb. 26, 2004, pet. ref’d) (mem. op., not designated for publication); 
Hall v. State
, 935 S.W.2d 852, 855–56 (Tex. App.—San Antonio 1996, no pet.).

21:
Denton
, 2004 WL 362265, at *2; 
Hall
, 935 S.W.2d at 855–56.