NO. 07-08-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 14, 2009
                                       ______________________________

JAMES GIST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1032660D; HONORABLE MOLLEE WESTFALL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Following an open plea of guilty, appellant James Gist was convicted of possession
of cocaine in an amount of four grams or more but less than 200 grams and sentenced to
seventeen years of confinement. Through one issue, appellant contends the trial court
erred by failing to properly admonish him during the plea proceeding. We will affirm the
judgment of the trial court. 
 
Background
          In December 2006, appellant was indicted on two counts of possession of a
controlled substance, cocaine, in an amount four grams or more but less than 200.


 The
first count alleged appellant possessed the drug with the intent to distribute it; the second
count omitted that allegation. The record reflects that appellant first rejected plea offers
from the State, then decided to plead guilty to the second count “open to the jury,” in
exchange for the State’s agreement to dismiss the first count and waive an enhancement
paragraph. 
          As the result of appellant’s plea and the State’s actions, after the open plea of guilty,
a jury was selected to hear evidence and assess appellant’s punishment. The State called
two police officers to testify. The first officer testified that on August 8, 2006, officers were
executing a search warrant in connection with drug activity. The officer and his partner
entered the residence to be searched and observed a male, later identified as appellant,
running out the back door. The two officers chased him and watched appellant throw a
bag over the fence. The officers apprehended appellant and arrested him. Cocaine was
later found in the bag. Appellant testified on his own behalf. After hearing the evidence
presented, the jury assessed punishment against appellant as noted. Appellant timely filed
notice of appeal. 
 
          Appellant’s original appellate counsel filed a brief that concluded the appeal was
wholly frivolous and without merit. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). On
reviewing the record, however, we concluded there was at least one arguable issue for
appeal, that regarding the absence of an admonishment to appellant of the possible
deportation consequences of his guilty pleas. See Gist v. State, No. 07-08-0030-CR, 2009
WL 1577968 (Tex.App.–Amarillo June 5, 2009, no pet.) (mem. op., not designated for
publication). New appellate counsel was appointed by the trial court and counsel filed a
brief asserting the trial court erred when it failed to properly admonish appellant during the
plea proceeding. 
          The record shows that, after appellant’s change of mind and decision to enter a plea
of guilty, the trial court orally admonished him of the punishment range for the offense. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 2007) (requiring such an
admonition). The record, however, contained no admonition of the immigration
consequences of appellant’s guilty plea. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4)
(Vernon 2007) (requiring admonition that if the defendant is not a United States citizen,
plea of guilty may result in deportation, exclusion from admission to this country or denial
of naturalization under federal law). See also Vannortrick v. State, 227 S.W.3d 706
(Tex.Crim.App. 2007) (addressing consequences of absence of admonition); Burton v.
State, No. 02-06-00279-CR, 2007 WL 3037840 (Tex.App.–Fort Worth Oct. 18, 2007, pet.
ref’d) (mem. op., not designated for publication) (applying Vannortrick). Appellant argues
the trial court reversibly erred by failing to properly admonish him. The State contends the
record supports a finding appellant is a United States citizen, rendering any error harmless. 
We now agree with the State.
Analysis
          A trial court's admonitions to and inquiries of a defendant prior to his plea of guilty
serve to protect several constitutional rights. Vannortrick, 227 S.W.3d at 708. Article
26.13 is designed to provide these constitutional assurances but the admonitions
contained therein are not themselves constitutionally required. Id. Consequently, the
failure to admonish a defendant regarding the immigration consequences of his plea is
non-constitutional error subject to a harm analysis under Rule of Appellate Procedure
44.2(b). Id.; see Tex. R. App. P. 44.2(b). 
          Reviewing courts look for “substantial compliance” with the statutory requirement.
But the Court of Criminal Appeals has stated, “[t]o claim that an admonishment was in
substantial compliance even though it was never given is a legal fiction.” Vannortrick, 227
S.W.3d at 708. The record demonstrates appellant was not admonished, either orally or
in writing, on the deportation consequences of his plea. There was not substantial
compliance with the article 26.13(a)(4) admonitions requirement. See Tex. Code Crim.
Proc. Ann. art. 26.13(a)(4) (Vernon 2009). Both parties acknowledge the trial court erred
by failing to include the deportation consequences in the plea admonitions given appellant. 
See Burnett v. State, 88 S.W.3d 633, 637 (Tex.Crim.App. 2002) (addressing error from
absence of admonition, and resulting harm).
 
          Appellant, however, was not harmed by the trial court’s error. On our initial review
of the record, we determined it was silent as to appellant’s citizenship. However, after new
counsel was appointed and a new brief was submitted, a second supplemental clerk’s
record was filed at the State’s request containing the Appearance Bond signed by
appellant in August 2006. That bond shows appellant was born in Maryana, Arkansas, and
we can therefore infer he is a United States citizen.


 See Fakeye v. State, 227 S.W.3d
714, 716 (Tex.Crim.App. 2007) (discussing inferences regarding citizenship based on
examination of appellate record). Appellant filed his brief before the record was
supplemented and his issue is based on the original silent record. Even so, appellant does
not assert he is not a United States citizen, nor has he challenged the authenticity or
credibility of the documents contained in the second supplemental clerk’s record.
          Where the record affirmatively shows the defendant is a United States citizen and
is therefore not subject to deportation, the trial court's failure to admonish him in
accordance with article 26.13(a)(4) is harmless. See Vannortrick, 227 S.W.3d at 209;
Stribling v. State, Nos. 05-03-00055-CR, 05-03-00056-CR, 05-03-00057-CR, 2005 WL
3619190 (Tex.App.–Dallas Jan. 9, 2005, no pet.) (mem. op., not designated for publication)
(finding error in failing to admonish on deportation consequences harmless where, after
an Anders brief was rejected, a supplemental clerk’s record was filed containing
documents showing the appellant was a United States citizen); Lopez v. State, No. 14-96-00390-CR, 1998 WL 418768 (Tex.App.–Houston [14th Dist.] July 23, 1998, pet. ref'd)
(mem. op., not designated for publication) (record showed appellant was a citizen where
appellant's pen packet and a document entitled "Defendant Descriptor," contained in the
supplemental clerk's record, reflected appellant was born in Houston, Texas and that he
was a citizen of the United States). See also Gamble v. State, No. 10-05-00044-CR, 2007
WL 2127337 (Tex.App.–Waco July 25, 2007, no pet.) (mem. op., not designated for
publication) (similar finding). Accordingly, we overrule appellant's issue and affirm the
judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice

 

 
 
 
Do not publish.