NO. 07-08-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 14, 2009
_____

JAMES GIST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1032660D; HONORABLE MOLLEE WESTFALL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant James Gist was convicted of possession of cocaine in an amount of four grams or more but less than 200 grams and sentenced to seventeen years of confinement. Through one issue, appellant contends the trial court erred by failing to properly admonish him during the plea proceeding. We will affirm the judgment of the trial court.

## Background

In December 2006, appellant was indicted on two counts of possession of a controlled substance, cocaine, in an amount four grams or more but less than 200.[1] The first count alleged appellant possessed the drug with the intent to distribute it; the second count omitted that allegation. The record reflects that appellant first rejected plea offers from the State, then decided to plead guilty to the second count "open to the jury," in exchange for the State's agreement to dismiss the first count and waive an enhancement paragraph.

As the result of appellant's plea and the State's actions, after the open plea of guilty, a jury was selected to hear evidence and assess appellant's punishment. The State called two police officers to testify. The first officer testified that on August 8, 2006, officers were executing a search warrant in connection with drug activity. The officer and his partner entered the residence to be searched and observed a male, later identified as appellant, running out the back door. The two officers chased him and watched appellant throw a bag over the fence. The officers apprehended appellant and arrested him. Cocaine was later found in the bag. Appellant testified on his own behalf. After hearing the evidence presented, the jury assessed punishment against appellant as noted. Appellant timely filed notice of appeal.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). This is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

Appellant's original appellate counsel filed a brief that concluded the appeal was wholly frivolous and without merit. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). On reviewing the record, however, we concluded there was at least one arguable issue for appeal, that regarding the absence of an admonishment to appellant of the possible deportation consequences of his guilty pleas. *See Gist v. State,* No. 07-08-0030-CR, 2009 WL 1577968 (Tex.App.–Amarillo June 5, 2009, no pet.) (mem. op., not designated for publication). New appellate counsel was appointed by the trial court and counsel filed a brief asserting the trial court erred when it failed to properly admonish appellant during the plea proceeding.

The record shows that, after appellant's change of mind and decision to enter a plea of guilty, the trial court orally admonished him of the punishment range for the offense. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 2007) (requiring such an admonition). The record, however, contained no admonition of the immigration consequences of appellant's guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2007) (requiring admonition that if the defendant is not a United States citizen, plea of guilty may result in deportation, exclusion from admission to this country or denial of naturalization under federal law). *See also Vannortrick v. State,* 227 S.W.3d 706 (Tex.Crim.App. 2007) (addressing consequences of absence of admonition); *Burton v. State,* No. 02-06-00279-CR, 2007 WL 3037840 (Tex.App.–Fort Worth Oct. 18, 2007, pet. ref'd) (mem. op., not designated for publication) (applying *Vannortrick*). Appellant argues the trial court reversibly erred by failing to properly admonish him. The State contends the

record supports a finding appellant is a United States citizen, rendering any error harmless. We now agree with the State.

Analysis

A trial court's admonitions to and inquiries of a defendant prior to his plea of guilty serve to protect several constitutional rights. *Vannortrick,* 227 S.W.3d at 708. Article 26.13 is designed to provide these constitutional assurances but the admonitions contained therein are not themselves constitutionally required. *Id.* Consequently, the failure to admonish a defendant regarding the immigration consequences of his plea is non-constitutional error subject to a harm analysis under Rule of Appellate Procedure 44.2(b). *Id.; see* Tex. R. App. P. 44.2(b).

Reviewing courts look for "substantial compliance" with the statutory requirement. But the Court of Criminal Appeals has stated, "[t]o claim that an admonishment was in substantial compliance even though it was never given is a legal fiction." *Vannortrick,* 227 S.W.3d at 708. The record demonstrates appellant was not admonished, either orally or in writing, on the deportation consequences of his plea. There was not substantial compliance with the article 26.13(a)(4) admonitions requirement. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2009). Both parties acknowledge the trial court erred by failing to include the deportation consequences in the plea admonitions given appellant. *See Burnett v. State,* 88 S.W.3d 633, 637 (Tex.Crim.App. 2002) (addressing error from absence of admonition, and resulting harm).

4

Appellant, however, was not harmed by the trial court's error. On our initial review of the record, we determined it was silent as to appellant's citizenship. However, after new counsel was appointed and a new brief was submitted, a second supplemental clerk's record was filed at the State's request containing the Appearance Bond signed by appellant in August 2006. That bond shows appellant was born in Maryana, Arkansas, and we can therefore infer he is a United States citizen.[2] *See Fakeye v. State*, 227 S.W.3d 714, 716 (Tex.Crim.App. 2007) (discussing inferences regarding citizenship based on examination of appellate record). Appellant filed his brief before the record was supplemented and his issue is based on the original silent record. Even so, appellant does not assert he is not a United States citizen, nor has he challenged the authenticity or credibility of the documents contained in the second supplemental clerk's record.

Where the record affirmatively shows the defendant is a United States citizen and is therefore not subject to deportation, the trial court's failure to admonish him in accordance with article 26.13(a)(4) is harmless. *See Vannortrick,* 227 S.W.3d at 209; *Stribling v. State,* Nos. 05-03-00055-CR, 05-03-00056-CR, 05-03-00057-CR, 2005 WL 3619190 (Tex.App.–Dallas Jan. 9, 2005, no pet.) (mem. op., not designated for publication) (finding error in failing to admonish on deportation consequences harmless where, after an *Anders* brief was rejected, a supplemental clerk's record was filed containing documents showing the appellant was a United States citizen); *Lopez v. State*, No. 14-96-00390-CR, 1998 WL 418768 (Tex.App.–Houston [14th Dist.] July 23, 1998, pet. ref'd)

---

[2] *See* U.S. Const. amend. XIV, § 1; 8 U.S.C. § 1433(a) (each declaring persons born in the United States to be citizens).

(mem. op., not designated for publication) (record showed appellant was a citizen where appellant's pen packet and a document entitled "Defendant Descriptor," contained in the supplemental clerk's record, reflected appellant was born in Houston, Texas and that he was a citizen of the United States). *See also Gamble v. State,* No. 10-05-00044-CR, 2007 WL 2127337 (Tex.App.–Waco July 25, 2007, no pet.) (mem. op., not designated for publication) (similar finding).  Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.

James T. Campbell
Justice


Do not publish.