# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00660-CR
NO. 03-10-00743-CR

**Roshonya Marie Smith, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NOS. 66164 & 66165, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Roshonya Marie Smith pleaded guilty to the offenses of forgery and credit card abuse. *See* Tex. Penal Code Ann. §§ 32.21, 32.31 (West Supp. 2010). The district court assessed punishment at eighteen months in state jail for the forgery offense and ten years' deferred adjudication community supervision for the credit-card-abuse offense. In a single issue on appeal, Smith asserts that the district court's failure to admonish her of the deportation consequences of her guilty plea constitutes reversible error. We will affirm.

Prior to accepting a plea of guilty or a plea of nolo contendere, the court is required to admonish the defendant of certain facts, including that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation. Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2010). In this case, the record

does not reflect that the district court admonished Smith of the possibility of deportation. The failure to admonish would be a violation of article 26.13.

However, the failure of a trial court to admonish a defendant as required by article 26.13 is a statutory error rather than a constitutional error. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007); *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). Accordingly, the error must be disregarded unless it affects the defendant's substantial rights. Tex. R. App. P. 44.2(b). "The question for us to decide in applying Rule 44.2(b) to the failure to give an admonition is, considering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

The critical factor in the analysis is what the record reveals regarding the defendant's citizenship status. A silent record on citizenship, or a record that is insufficient to determine citizenship, establishes harm by the standard of rule 44.2(b). *VanNortrick v. State*, 227 S.W.3d 706, 714 (Tex. Crim. App. 2007). On the other hand, "when the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error." *Id*. at 709. "This is so because such a defendant is not subject to deportation, the threat of which could not have influenced that defendant's decision to plead guilty." *Id*.; *see also Anderson*, 182 S.W.3d at 919 ("Obviously the admonition would not have changed the citizen's decision to plead guilty.").

Smith claims that the record in this case is silent regarding her citizenship status. We disagree. In the pre-sentence investigation report considered by the district court, there is a

2

section entitled "Defendant Information." In that section, Smith is identified as an Anglo female, born in Carmichel, California, and her "Citizenship" is expressly designated as "U.S." Thus, the record reveals that Smith is a United States citizen. Consequently, any error in failing to admonish Smith was harmless. We overrule Smith's sole issue on appeal.

We affirm the judgment of conviction in cause number 03-10-00660-CR and the order of deferred adjudication in cause number 03-10-00743-CR.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   May 12, 2011

Do Not Publish