

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00165-CR

_____

CRISELDA ANN SOTELO AKA CHRIS ANN SOTELO,
APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas;
Trial Court No. CR-13I-091; Honorable Roland Saul, Presiding

December 22, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Criselda Ann Sotelo aka Chris Ann Sotelo, pled guilty in open court to knowingly possessing with intent to deliver a controlled substance (methamphetamine) in an amount of four grams or more but less than 200 grams as alleged in the State's

indictment.[1]  The trial court sentenced her to fifteen years confinement and assessed $140 in restitution in its judgment.

On appeal, Appellant asserts (1) her plea proceedings violated article 26.13(a)(4) of the Texas Code of Criminal Procedure because the trial court failed to admonish her of the possibility of deportation, *see* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2015), and (2) the trial court improperly ordered her to pay $140 in restitution in the judgment when restitution was not orally pronounced during the sentencing proceedings.  In its brief, the State asserts there is evidence of record that Appellant is a United States citizen.  The State further alleges that if the trial court erred in failing to admonish Appellant, any such error was harmless.  As to the second issue, the State candidly concedes that restitution should be deleted from the judgment.[2]  We modify the trial court's judgment to delete any requirement that Appellant pay restitution and affirm the judgment as modified.

ISSUE ONE—DEPORTATION ADMONISHMENT

Article 26.13(a)(4) of the Texas Code of Criminal Procedure requires that, before accepting a guilty plea, the trial court admonish the defendant of the possibility of deportation.  TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2015).  The failure of a trial court to admonish a defendant as required by article 26.13 is statutory

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010) (a first degree felony).

[2] Restitution is punishment, *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009), *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and as such must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2009); *Sauceda v. State*, 309 S.W.3d 767, 760 (Tex. App.—Amarillo 2010, pet. ref'd).  When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Taylor v. State,* 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  Here, the trial court's oral sentence pronouncement did not order restitution.  *See Gonzales v. State,* No. 07-10-00383CR, 2012 Tex. App. LEXIS 6905 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).

error rather than constitutional error. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007). Under Texas Rule of Appellate Procedure 44.2(b), when conducting the harm analysis of statutory errors, courts of appeals must disregard the error unless it affected Appellant's substantial rights. *Id.* (citing TEX. R. APP. P. 44.2(b)).

Neither party asserts the trial court admonished Appellant on the possibility of deportation. However, the record reflects Appellant's pre-sentence investigation report indicated Appellant was a citizen of the United States. The pre-sentence investigation report was reviewed by the trial judge, the State, and Appellant's counsel. Appellant's counsel discussed the report with Appellant during the course of the sentencing hearing. During Appellant's examination, her attorney asked whether Appellant "[could] be a productive *citizen*," (emphasis added), and she answered "Yes, I can." Furthermore, Appellant did not object to the lack of a deportation admonishment during the hearing or in her motion for a new trial.

The record, at the very least, supports an inference that Appellant is a United States citizen. Having reviewed the entire record, we find that "[there is a] fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished [her.]" *See Fakeye,* 227 S.W.3d at 716 (quoting *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006)). Accordingly, we find the trial court's failure to admonish her on the immigration consequences of her guilty plea is harmless error.[3] *Id.* at 716-17. Appellant's first issue is overruled.

---

[3] That the pre-sentence investigation report was not admitted into evidence at the sentencing hearing is of no consequence. *See Fakeye,* 227 S.W.3d at 716-17 ("it is not a requirement that support for an inference regarding citizenship be direct evidence").

3

ISSUE TWO—RESTITUTION

As noted above, the State concedes the order of restitution should be deleted from the judgment.  According, the second issue is sustained and we reform the judgment to delete any requirement that Appellant pay restitution.  As modified, the judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice


Do not publish.