**Opinion filed September 22, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00331-CR

_____

## FRANCISCO SOLIS-QUINTERO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42777**

## M E M O R A N D U M   O P I N I O N

Francisco Solis-Quintero entered an open plea of guilty to aggravated assault with a deadly weapon. The trial court found Appellant guilty of the offense and assessed his punishment at imprisonment for a term of fifteen years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue, Appellant argues that the trial court erred in failing to admonish him about the immigration consequences of his guilty plea. We reverse and remand.

*Background Facts*

Appellant was indicted for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016), § 22.02(a)(2) (West 2011). He waived his right to a jury trial and pleaded guilty to the offense alleged in Count II of the indictment. Prior to accepting Appellant's guilty plea, the trial court admonished him of several of his rights but did not admonish him on the potential immigration consequences of his plea as required by Article 26.13(a)(4) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2016). At the conclusion of the punishment phase of trial, the trial court found Appellant guilty of aggravated assault with a deadly weapon as charged in Count II of the indictment and assessed his punishment as set forth above.

*Analysis*

Prior to accepting a plea of guilty, the trial court is required to admonish the defendant of, among other things, "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." CRIM. PROC. art. 26.13(a)(4). There is no dispute that the trial court did not admonish Appellant about the possible immigration consequences of his guilty plea. Accordingly, the primary question to resolve in this appeal is the harm, if any, resulting from this omission.

We note at the outset that Appellant does not assert that he is not a citizen of the United States or that he has suffered any adverse immigration consequences as a result of his plea. Furthermore, he does not assert that he would not have pleaded guilty if the trial court had given him the immigration warning. Instead, Appellant asserts that the trial court's error is reversible because the record is silent as to his citizenship status and that "there cannot be a fair assurance that [his] decision to plead guilty would not have changed had he been admonished." He cites the holding

in *VanNortrick v. State* in support of this contention. 227 S.W.3d 706, 713–14 (Tex. Crim. App. 2007).

Appellant's reliance on *VanNortrick* is well-placed because its facts are analogous to the facts in this appeal. *VanNortrick* also involved an omitted warning on possible immigration consequences and a silent record on the defendant's citizenship status. The Court of Criminal Appeals held in *VanNortrick* that the omission of the admonition required by Article 26.13(a)(4) is a nonconstitutional error subject to a harm analysis under TEX. R. APP. P. 44.2(b). *Id.* at 708. "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b); *see Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011) (When an appellate court applies Rule 44.2(b), it must disregard a nonconstitutional error unless the error affects the appellant's substantial rights.). "If the error affected substantial rights, then, it is not harmless." *VanNortrick*, 227 S.W.3d at 708.

The court noted in *VanNortrick* that there is no burden on either party to prove harm or harmlessness resulting from the error. *Id.* at 709 (citing *Anderson v. State*, 182 S.W.3d 914, 918, 919 (Tex. Crim. App. 2006); *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002)). "[T]he critical question is, '[C]onsidering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?'" *Id.* (quoting *Anderson*, 182 S.W.3d at 919) (second alteration in original)). The defendant's citizenship status is a critical component to this determination. *Id.* at 713. If the record shows that a defendant is a United States citizen, the failure to admonish him about immigration consequences is harmless error. *Id.* at 709 (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). Conversely, if the record shows that the defendant was not a citizen at the time of the guilty plea, the error is not harmless. *Id.* (citing *Carranza v. State*, 980 S.W.2d 653, 658 (Tex. Crim. App. 1998)).

In some cases, however, the record does not affirmatively show the defendant's citizenship status. The court recognized in *VanNortrick* that it is appropriate for appellate courts to draw reasonable inferences about the defendant's citizenship status in these instances when determining harm resulting from the omission of the deportation admonition. *Id.* at 710. The appellate record in *VanNortrick* established that the defendant had a prior felony conviction from another state. *Id.* The State asserted that this prior felony conviction "strongly suggested" that the defendant was a United States citizen because he had not been deported. *Id.* The Court of Criminal Appeals rejected the State's contention on the basis that a single prior conviction for a deportable offense will not support an inference of citizenship because of the many possible scenarios by which a noncitizen defendant could have escaped the immigration consequences of his conviction. *Id.* at 711. The court concluded that, "[b]ecause we cannot know whether the appellant is a United States citizen, . . . it is impossible to determine with any certainty whether the appellant's decision to plead guilty would have changed had he been properly admonished." *Id.* at 713. The court determined that it did not have a fair assurance that the defendant would not have pleaded guilty if he had been properly admonished. *Id.* "All we can do is speculate about whether the appellant would have changed his mind about his guilty plea had he been admonished." *Id.* at 714.

In this appeal, the State contends that we can infer from the record that Appellant is a United States citizen. The State bases this contention on Appellant's prior arson conviction from Ector County. The State asserts that the arson conviction was a deportable offense and that we can infer that Appellant is a citizen of the United States because he was not deported. The State also asserts that there is not any evidence that Appellant was unaware of the possible immigration consequences of his guilty plea. The State relies on *Luna v. State* in support of these contentions.

4

No. 07-15-00231-CR, 2016 WL 1179091 (Tex. App.—Amarillo March 25, 2016, no pet.) (mem. op., not designated for publication).

We conclude that the facts in *Luna* are distinguishable. The defendant in *Luna* had five prior convictions rather than a single prior conviction. *Id.* at *2–3. Additionally, the defendant testified that he had attended public school in the United States, and his trial counsel discussed the defendant's "right as a citizen of the United States" during voir dire examination. *Id.* at *3.

The facts in this appeal are analogous to those in *VanNortrick*. The evidence of a single prior conviction is simply not enough under *VanNortrick* to infer that Appellant is a citizen of the United States. Furthermore, the silence in the record pertaining to Appellant's citizenship status and the absence of evidence that he was aware of any possible immigration consequences preclude us from having a fair assurance that his decision to plead guilty would not have changed had the court properly admonished him. *See Fakeye v. State*, 227 S.W.3d 714, 717 (Tex. Crim. App. 2007) ("[A] silent record supports the inference that the defendant was unaware of the consequences [of his guilty plea]."). Thus, *VanNortrick* requires a finding of reversible error on this "silent record" even though Appellant does not assert that he is not a citizen of the United States or that he will suffer any adverse immigration consequences as a result of his guilty plea. We sustain Appellant's sole issue.

Having found reversible error, we must determine the appropriate disposition of this appeal. The State requests that we remand the matter back to the trial court "for an evidentiary hearing on [A]ppellant's citizenship status." We decline the State's invitation to remand the case to the trial court to receive additional evidence that would be relevant to the question of harm. The Court of Criminal Appeals rejected a similar request in *Fakeye*, another case involving the omission of the deportation admonition. 227 S.W.3d at 717–18. We are required to conduct a harm analysis based on the entire record before us on appeal, rather than remanding the

5

case to the trial court for the record to be further developed on the question of harm. *Id.*

*This Court's Ruling*

We reverse the trial court's judgment of conviction and remand this cause to the trial court for further proceedings.

JOHN M. BAILEY

JUSTICE

September 22, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.