**Opinion filed December 1, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00256-CR
_____

## MICKEY RAY TAYLOR JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR54221**

## M E M O R A N D U M   O P I N I O N

Mickey Ray Taylor Jr. entered an open plea of nolo contendere to evading arrest or detention with a motor vehicle, a third-degree felony. TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016). The trial court found Appellant guilty and assessed his punishment at confinement for five years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Appellant contends that the trial court's failure to admonish him about the immigration

consequences of his plea pursuant to Article 26.13(a)(4) of the Texas Code of Criminal Procedure constitutes reversible error. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2022). We affirm.

*Background Facts*

On August 16, 2019, Deputy Rusty Winn with the Midland County Sheriff's Office responded to a disturbance call indicating that "there was a male inside of the residence with a knife, trying to defend his family from something that was not there." When Deputy Winn arrived on scene, he found Appellant in the driver's seat of an SUV and a woman standing outside of the vehicle. Deputy Winn testified that Appellant refused to comply with orders to step out of the vehicle, so he deployed his taser. After Deputy Winn tased Appellant, Appellant "jumped back into the driver's side" of the vehicle and drove away from the scene.

Deputies Winn, Rodriguez, and Cortinas began the pursuit, which eventually involved numerous officers from multiple agencies attempting to stop Appellant's vehicle. During the pursuit, Appellant drove erratically throughout the city of Midland and in Midland County, reaching speeds of up to 90 miles per hour. Officers ultimately deployed tire "spikes" to disable Appellant's vehicle, and Appellant was taken into custody.

Following the events on August 16, 2019, the State charged Appellant with a three-count indictment for assault family violence with a previous conviction, evading arrest in a vehicle, and aggravated assault against a public servant. The State dismissed the assault charges and proceeded on the evading charge. Appellant entered an open plea of nolo contendere on the evading charge. The trial court accepted Appellant's plea and found him guilty of the offense. The trial court did not admonish Appellant of the immigration consequences of his plea.

During the punishment trial to the bench, the State presented the testimony of three officers involved in the pursuit and offered two in-car camera videos, which

2

the trial court admitted into evidence. At the conclusion of the evidence, the trial court assessed Appellant's punishment at five years in the Institutional Division of the Texas Department of Criminal Justice.

*Analysis*

Prior to accepting a plea of nolo contendere, the trial court must admonish a defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged" may have immigration consequences under federal law. CRIM. PROC. art. § 26.13(a)(4). Failure to admonish a defendant under Article 26.13 constitutes nonconstitutional error. *Loch v. State*, 621 S.W.3d 279, 281 (Tex. Crim. App. 2021). Accordingly, we disregard such an error if it "does not affect substantial rights." TEX. R. APP. P. 44.2(b); *Loch*, 621 S.W.3d at 282. An error does not affect a defendant's substantial rights if, after examining the record as a whole, the appellate court has fair assurance that "the defendant's decision to plead guilty would not have changed had the court admonished him." *Loch*, 621 S.W.3d at 282. To make this determination, we consider the following factors to aid in our harm analysis: "(1) whether an appellant knew the consequences of his plea; (2) the strength of the evidence of an appellant's guilt; and (3) an appellant's citizenship and immigration status." *Id.* (citing *VanNortrick v. State*, 227 S.W.3d 706, 712 (Tex. Crim. App. 2007)).

Neither party bears the burden to prove harm. *Id.* Accordingly, the reviewing court "should draw reasonable inferences from facts in the record when conducting a harm analysis due to a trial court's failure to admonish a defendant about the consequences" of his plea. *VanNortrick*, 227 S.W.3d at 710. Direct evidence of citizenship is not required to support an inference made by the appellate court. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007). However, "when the record is silent regarding the consequences of conviction in the context of a guilty

3

plea," we must infer that Appellant meets the first factor—that Appellant did not know the consequences of his plea. *VanNortrick*, 227 S.W.3d at 710–11.

As an initial matter, Appellant does not contend that he would have changed his plea had the trial court given him the admonishment in Article 26.13(a)(4), nor does Appellant assert that he is not a United States citizen or claim that he has suffered any adverse immigration consequences because of his plea. Instead, Appellant asserts that the trial court committed reversible error in failing to admonish Appellant under Article 26.13(a)(4) and requests this court to set aside Appellant's plea and remand the case for a new trial. In response, the State contends that the error is harmless.

We turn to the three factors delineated in *Loch*. Here, Appellant meets the first factor because the trial court did not admonish Appellant of the possible immigration consequences of his plea as required by Article 26.13(a)(4). *VanNortrick*, 227 S.W.3d at 710. However, the second and third factors foreclose Appellant's assertions of harm based on the lack of the admonishment.

The record shows overwhelming evidence of Appellant's guilt. As stated above, the State presented the testimony of three officers involved in the pursuit and two in-car camera videos of the pursuit. The testimony and video evidence clearly show that Appellant evaded arrest or detention in a vehicle for over twenty minutes, driving erratically and, at times, at a very high rate of speed. Deputy Winn testified that Appellant endangered himself, the officers, and "[a]ny civilian that was on the roadway [by] going into oncoming traffic" and by driving through numerous red lights and stop signs during the offense. The strength of the evidence indicating Appellant's guilt weighs against a finding of harm. *Loch*, 621 S.W.3d at 283, 285.

Next, it appears from this record that Appellant is a United States citizen. In Appellant's petition for a writ of habeas corpus requesting a reduction of Appellant's bail, accompanied by a sworn affidavit, Appellant's trial counsel states that

4

Appellant "was born, raised, and has continuously lived in either Midland County or Ector County for his entire life." Additionally, Appellant, in his "Affidavit in Support of Counsels Motion to Withdraw," states that he is "incarcerated in violation of Texas Law . . . [and that] my rights as a Texas Citizen of the U.S. are being violated." Drawing reasonable inferences in our determination of Appellant's citizenship and immigration status, we infer from these facts in the record that Appellant is a United States citizen. *See Fakeye*, 227 S.W.3d at 716 ("Statements made by the attorneys are not 'evidence' . . . , but they are references found in the record that can support an inference." (citing *Burnett v. State*, 88 S.W.3d 633, 641 (Tex. Crim. App. 2002))); *Hines v. State*, 396 S.W.3d 706, 709 (Tex. App.— Houston [14th Dist.] 2013, no pet.) (defendant born in the United States). As a citizen, Appellant would not suffer any immigration consequences as a result of his nolo contendere plea. Appellant's citizenship status weighs against a finding of harm.

Considering the overwhelming evidence of Appellant's guilt and Appellant's status as a United States citizen, we have a fair assurance that Appellant's plea of nolo contendere would not have changed had the court admonished him under Article 26.13(a)(4). Accordingly, the trial court's failure to admonish Appellant of any possible immigration consequences of his plea constituted harmless error. We therefore overrule Appellant's sole issue.

*Court-Appointed Attorney's Fees*

Although not raised by Appellant, the State asserts that the district clerk's assessment of court appointed attorney's fees is in error because Appellant is indigent. On this issue, we note that the trial court waived all court costs and fines in the case and affirmatively stated in the judgment that Appellant "does not have the sufficient resources or income" to pay such fees.

5

An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2021). The Texas Court of Criminal Appeals has held that the trial court must find that the defendant had the ability to repay court-appointed attorney's fees prior to assessing such fees against an indigent defendant. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d at 556 ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). Further, a "defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates*, 402 S.W.3d at 251 (quoting CRIM. PROC. art. 26.04(p)).

On August 23, 2019, Appellant filed an affidavit of indigence certifying that he did not have the necessary funds to hire an attorney for his defense. The trial court determined that Appellant was indigent and appointed counsel to represent Appellant's interest in all proceedings in the case. Subsequent to this appointment, the trial court did not receive evidence, nor did it issue a finding, that Appellant had the ability to pay any portion of the attorney's fees that were incurred by his court-appointed attorney. Counsel's filings and the district clerk's statement that it would not assess costs for the clerk's record following a signed Pauper's Affidavit additionally indicate that Appellant remained indigent throughout the proceedings.

Nothing in the record indicates that Appellant is no longer indigent or that the trial court made a subsequent determination that Appellant's financial circumstances had materially changed. On the contrary, the trial court's judgment expressly states

6

that Appellant does not have sufficient resources or income and waives the costs and fees assessed in this case. Therefore, the district clerk's amended bill of costs erroneously includes attorney's fees as costs for which Appellant is responsible. We modify the district clerk's bill of costs to delete the court-appointed attorney's fees assessed against Appellant. *See* TEX. R. APP. P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require.").

## *This Court's Ruling*

We modify the district clerk's amended bill of costs to delete the court-appointed attorney's fees assessed against Appellant. We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


December 1, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7