NO. 07-09-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2010
_____

KENNETH LAWRENCE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19791-B; HON. JOHN B. BOARD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Kenneth Lawrence was convicted of failing to register as a sex offender after pleading guilty. On appeal, he contends his plea was not knowing and voluntary because the trial court failed to admonish him as to the range of punishment and the possible consequence of deportation. We affirm the judgment.

Appellant originally opted for a jury to try him and assess his punishment if found guilty. Prior to voir dire, however, he changed his mind and requested the trial court to assess punishment. During trial, appellant changed his mind again but this time about

being tried.  Consequently, he pled guilty.  The trial court accepted the plea, but, before doing so, it failed to admonish appellant about the range of punishment and the possibility of deportation if he was not a United States citizen.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) & (4) (Vernon Supp. 2009) (requiring such admonishments). Such a failure is error.  *See Burnett v. State,* 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). The error, nevertheless, remains subject to a harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure.  *Id.*

The nature of the applicable harm analysis was most recently explained in *Anderson v. State,* 182 S.W.3d 914 (Tex. Crim. App. 2006).  Like the case before us, *Anderson* also involved the failure to fully admonish one pleading guilty.  Furthermore, the Court of Criminal Appeals reiterated that the issue is whether the error affected the substantial rights of the defendant.  *Id.* at 918-19.  In cases like that before us, this normally requires an investigation of the record to determine with fair assurance whether the plea would have stayed the same had the admonishment been given.  *Id.* at 919. With that said, we turn to the record before us.

Regarding the failure to admonish about deportation, the omission is harmless if the record shows that the defendant is a United States citizen and, therefore, not subject to deportation.  *VanNortrick v. State,* 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).  That is the situation here.  According to a pen packet admitted into evidence, appellant was born in Texas.  Since Texas remains part of the United States, appellant was born a United States citizen and is not subject to deportation.  Thus, this particular error was harmless.

As for the failure to admonish about the range of punishment, the record reveals that appellant was convicted of a "2nd degree felony," sentenced to a prison term of ten years, and fined $1000. So too does it illustrate that appellant admitted, during the punishment phase of the proceeding, that he "understood" the trial court could sentence him to "to jail anywhere up to ten years," place him on probation for "up to ten years," and "assess any fine that he wants to." Despite this knowledge, he wanted to "make amends" and seek "mercy" from the trial court. So, he pled guilty and relied on the trial court to select his sentence. Moreover, the sentence ultimately levied fell within the two to 20 year range applicable to second degree felonies. TEX. PENAL CODE ANN. §12.33 (Vernon Supp. 2009). So too did the fine assessed fall under the $10,000 maximum permitted by the same statute. *Id.*

Yet, the record fails to indicate whether he knew that his prison term could have exceeded ten years. The presence of this deficiency makes it difficult for us to determine, per *Anderson*, whether his plea would have differed had been told that. But, before we conclude that the error was harmful, we must remember that *Anderson* was attempting to explain how one was to apply Rule 44.2(b) to cases involving the failure to admonish a defendant who pleads guilty. In undertaking that explanation, the court did not reject the actual wording of Rule 44.2(b). Quite the contrary. It initially specified that the "issue is whether, in a given case, the error affected substantial rights" of the defendant. *Anderson v. State*, 182 S.W.3d at 918-19. Given this, we can safely say that assessing whether a defendant's plea would have differed had the appropriate admonishments be given is simply one, but not the sole, way of determining the

3

harmfulness of the type of error encompassed here. We remain free to apply the words of Rule 44.2(b). And, in doing so here, we discover that appellant's sentence fell within the range allowed by law, and was much less than the permissible maximum. It is also clear that he received what he knew he could get; no more, no less. So, in the final analysis, appellant's right to be told the full range of punishment so that he could make an informed decision was protected from injury by the trial court limiting (whether intentionally or otherwise) his punishment to that about which he knew and was ready to accept.[1]

Accordingly, the issue is overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

Publish.

---

[1]To the extent that appellant argues he was not afforded the admonishments relating to plea bargains, nothing of record indicates that such a bargain existed. Rather, his desire to simply seek "mercy" from the trial court, coupled with his acknowledgement that his sentence could range from probation to ten years imprisonment allows one to reasonably conclude that there was no bargain between the parties. There being no bargain, it therefore cannot be said that he was harmed by the lack of admonishments regarding plea bargains and the trial court's authority to reject them.