

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00386-CV

**IN THE MATTER OF J.C.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-JUV-00404
Honorable Carmen Kelsey, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: May 15, 2013

AFFIRMED

J.C., a juvenile, appeals the trial court's adjudication order. We affirm the judgment of the trial court.

## BACKGROUND

J.C. pled true to an allegation that he engaged in delinquent conduct by committing aggravated sexual assault of a child. Before accepting his plea, the trial court explained to J.C. the allegations against him and the nature and possible consequences of the proceedings, including the law relating to admissibility of the record of a juvenile court adjudication in a criminal proceeding, his privilege against self-incrimination, his right to trial and to confrontation of witnesses, his right to an attorney, and his right to a jury trial. *See* TEX. FAM. CODE ANN. § 54.03(b) (West Supp. 2012). At the conclusion of the hearing, the trial court

adjudged that J.C. engaged in delinquent conduct by committing aggravated sexual assault of a child. After a disposition hearing, the trial court ordered J.C. committed to the Texas Juvenile Justice Department for an indeterminate sentence.

## DISCUSSION

On appeal, J.C. complains that the trial court committed fundamental error during the adjudication hearing when it failed to admonish him regarding the potential immigration consequences of his plea of true to the alleged delinquent conduct. J.C. acknowledges that the trial court admonished him of his rights as mandated by section 54.03 of the Juvenile Justice Code. *See* TEX. FAM. CODE ANN. § 54.03(b). He also concedes that the Juvenile Justice Code does not contain a requirement that the trial court admonish a juvenile of the deportation consequences of his plea. Nevertheless, he argues that, in view of the Juvenile Justice Code's purpose of assuring a juvenile's constitutional rights are enforced, the trial court was also required to admonish him of the possible negative repercussions of his plea on his citizenship pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010). J.C. does not complain of ineffective assistance of trial counsel.

Assuming, without deciding, that the juvenile court was required to admonish J.C. of possible deportation consequences, we conclude that the record does not demonstrate that J.C. was harmed by the trial court's failure to warn him of potential deportation consequences of his plea. *See, e.g., In re E.J.G.P.*, 5 S.W.3d 868, 872-73 (Tex. App.—El Paso 1999, no pet.) (reviewing record for harm where juvenile complained that trial court erred in failing to admonish her of possible deportation consequences in accordance with article 26.13 of the Texas Code of Criminal Procedure). J.C. contends the record in this case is wholly silent regarding his citizenship status. We disagree. The record before us contains the probation department's pre-disposition report, admitted into evidence without objection, in which the probation officer

documents that "according to a legible copy of [J.C.'s] birth certificate, [he] was born to [J.B.-J.] on December 5, 1998 in Bexar County, Texas." Thus, the record reveals that J.C. was born in Bexar County, Texas, making him a non-deportable citizen of the United States. *See De la Cruz v. State*, No. 04-10-00786-CR, 2011 WL 4088702, at *2 (Tex. App.—San Antonio Sept. 14, 2011) (mem. op., not designated for publication), *cert. denied*, 133 S.Ct. 147 (2012) (holding failure to admonish defendant of deportation consequences of no contest plea was harmless where record reflected that defendant was United States citizen); *Lawrence v. State*, 306 S.W.3d 378, 379 (Tex. App.—Amarillo 2010, no pet.) (trial court's error in failing to admonish appellant about deportation was harmless where pen packet admitted into evidence reflected that appellant was born in Texas). Because the record shows J.C. is a United States citizen, and there is no controverting evidence, we conclude the juvenile court's error, if any, in failing to advise J.C. of the possible immigration consequences of his plea was harmless. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007) (trial court's failure to admonish defendant on immigration consequences of his plea is harmless error when record shows defendant to be United States citizen); *see also Gist v. State*, No. 07–08–0030–CR, 2009 WL 3320203, at *2 (Tex. App.—Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant's bond paperwork contained in supplemental record which showed that appellant was born in Arkansas permitted inference that appellant was United States citizen, and thus error in failing to admonish appellant pursuant to article 26.13 was harmless). Accordingly, we overrule J.C.'s sole issue on appeal.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice