# NO. 12-16-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD PAUL KAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Paul Kay appeals his conviction for evading arrest or detention. In two issues, Appellant argues that the trial court erred by failing to properly admonish him before his guilty plea, and that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault on a public servant and evading arrest or detention. An enhancement paragraph alleged a prior felony conviction. Appellant pleaded "not guilty" to aggravated assault on a public servant and "guilty" to evading arrest or detention. After hearing evidence and arguments, a jury found Appellant "not guilty" of aggravated assault on a public servant and "guilty" of evading arrest or detention. The jury assessed Appellant's punishment at imprisonment for ten years and a fine of $5,000. This appeal followed.

## ADMONITIONS

In his first issue, Appellant contends that the trial court failed to properly admonish him of the immigration consequences of his plea.

**Standard of Review and Applicable Law**

Prior to accepting a guilty plea, the trial court must admonish the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2016). The admonitions must include, among other things, the fact that if the defendant is not a citizen of the United States of America, a plea of guilty may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. *Id.* art. 26.13(a)(4). The admonitions may be given orally or in writing. *Id.* art. 26.13(d) (West Supp. 2016). Substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c) (West Supp. 2016).

The admonitions of Article 26.13 serve to protect several constitutional rights of the defendant, but the statutory admonitions are not constitutionally required. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Thus, a trial court's failure to provide the admonitions is nonconstitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Id*. We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). When examining nonconstitutional error in the context of a guilty plea, the critical issue is whether we have fair assurance that the defendant's decision to plead guilty would not have changed had the trial court provided the mandatory admonitions. *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006). An error that does not affect a substantial right must be disregarded. TEX. R. APP. P. 44.2(b); *Johnson*, 43 S.W.3d at 4.

**Immigration Consequences**

In his first issue, Appellant argues that the trial court erred by failing to advise him of the immigration consequences of his guilty plea. The record reflects that the trial court did not admonish Appellant either orally or in writing of the immigration consequences of his plea. Thus, the trial court erred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4). Consequently, we must review the error to determine whether we have fair assurance that Appellant's decision to plead guilty would not have changed had the trial court provided the mandatory admonition. *See Anderson*, 182 S.W.3d at 919.

When the record shows a defendant is a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless because the threat of deportation could not have influenced that defendant's decision to plead guilty. *VanNortrick*, 227 S.W.3d at 709. Conversely, a silent record on citizenship, or a record that is insufficient to determine citizenship, establishes harm when the trial court fails to admonish the defendant on the immigration consequences of his guilty plea. *Id*. at 714. A reviewing court may draw reasonable inferences from facts in the record in determining whether a defendant is a United States citizen. *Id*. at 710-11. We examine the entire record—including but not limited to admitted evidence—for indications of the defendant's citizenship status. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007).

Here, the State contends that any error in the trial court's failure to admonish Appellant regarding the immigration consequences of his plea is harmless because the record shows Appellant is a United States citizen. In support of its contention, the State points to a document in the clerk's record titled "Defendant Information." The document contains handwritten responses to several questions. Appellant's birthplace is listed as Conroe, Texas. The document is not signed, but based on its location in the record, it appears to be part of an application for appointed trial counsel.[1] The preceding document, titled "Questionnaire Under Oath Concerning Financial Resources," is signed by Appellant and notarized. From these facts, we can reasonably infer that Appellant is a United States citizen. *See id.* at 717 (court of appeals correctly relied in part on allegations in motion in limine to support inference that Appellant was not a citizen); *Lawrence v. State*, 306 S.W.3d 378, 379 (Tex. App.—Amarillo 2010, no pet.) (failure to warn of immigration consequences harmless where pen packet showed appellant was born in Texas); *Gamble v. State*, No. 10-05-00044-CR, 2007 WL 2127337, at *1 (Tex. App.—Waco July 25, 2007, pet. ref'd) (mem. op., not designated for publication) (failure to warn of immigration consequences harmless where application for appointed counsel showed appellant was born in Mexia, appellant's mother testified she had lived in Mexia "a long time," and appellant testified he lived in Mexia). Therefore, we conclude that Appellant was not harmed by the trial court's failure to admonish him regarding the immigration consequences of his guilty plea. *See*

---

[1] The State asserts in its brief that the document is part of an application for court appointed counsel and was completed by Appellant.

*VanNortrick*, 227 S.W.3d at 709. Accordingly, we disregard the error and overrule Appellant's first issue. *See* TEX. R. APP. P. 44.2(b); *Johnson*, 43 S.W.3d at 4.


## INEFFECTIVE ASSISTANCE OF COUNSEL

In Appellant's second issue, he contends his trial counsel was ineffective because he neither requested the Article 26.13(a)(4) immigration admonition nor gave the admonition himself.

### Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This requires the appellant to demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See id.*, 466 U.S. at 688, 104 S. Ct. at 2064-65. To satisfy this requirement, the appellant must identify the acts or omissions of counsel alleged to constitute ineffective assistance and affirmatively prove that they fell below the professional norm for reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

In any case considering the issue of ineffective assistance of counsel, we begin with a strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.*; *see also Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013). Appellant must rebut this presumption by presenting evidence illustrating the reasons for counsel's actions and decisions. *See Jackson*, 877 S.W.2d at 771. Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective assistance claim cannot be built upon retrospective speculation. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Moreover, before being condemned as unprofessional and incompetent, counsel should be given an opportunity to explain his actions. *See id.* at 836. Thus, absent a

4

properly developed record, an ineffective assistance claim must usually be denied as speculative. *See id.*

Under the second prong of the ***Strickland*** test, the appellant must affirmatively prove prejudice from the deficient performance of his counsel. *See **Strickland***, 466 U.S. at 687, 104 S. Ct. 2064; ***Burruss v. State***, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must prove that his counsel's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. ***Burruss***, 20 S.W.3d at 186. It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He instead must show that there is a reasonable probability that, but for his counsel's errors, the outcome would have been different either as to a reasonable doubt about his guilt or the extent of his punishment. *See id.*; *see also **Bone***, 77 S.W.3d at 836. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068; ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must prove both prongs of the ***Strickland*** test by a preponderance of the evidence in order to prevail. ***Tong***, 25 S.W.3d at 712.

## Immigration Consequence Admonition

Appellant argues that his counsel's failure to either request that the trial court give him the Article 26.13(a)(4) immigration consequence admonition, or give the admonition himself, rendered his performance below the prevailing norm for counsel at a plea hearing. In ***Padilla v. Kentucky***, the United States Supreme Court held that the weight of prevailing professional norms supports the view that counsel must advise his client regarding the risk of deportation arising from a guilty plea. 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

In this case, Appellant has failed to show that counsel's performance was deficient. *See **Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064. Although counsel did not advise Appellant of the immigration consequences of his plea on the record, the record does not show what counsel advised him outside of court. Furthermore, Appellant directs us to no authority supporting the proposition that defense counsel has a duty to request that the trial court give the mandatory plea admonishments. And, as discussed above, we can reasonably infer from the record that Appellant is a United States citizen and, consequently, was not harmed by the lack of an

admonishment.  We conclude that the record is not sufficiently developed on this direct appeal to determine whether the first prong of *Strickland* has been met.  *See id.*; *Bone*, 77 S.W.3d at 836.

Because Appellant failed to establish that trial counsel's performance was deficient, he has failed to carry his burden of showing that he received ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2064; *Tong*, 25 S.W.3d at 712.  Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 25, 2017

NO. 12-16-00073-CR

**RICHARD PAUL KAY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2015-0735)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*